# CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. DOWELL.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 208.    Submitted April 14, 1913.—Decided May 26,1913.

*Quære*, whether liability to a third person against the master may result from the servant's neglect of some duty owing to the employer alone.

Positive acts of negligence on the part of an engineer while engaged in his employer's business toward a fellow-servant, are acts of misfeasance for which he is primarily liable notwithstanding his contract with his employer and the liability of the latter under the state statute.

If plaintiff allege that the concurrent negligence of both defendants caused his injury, he may join them in one action; and if he do so the fact that he might have sued them separately furnishes no ground for removal.

Whether or not defendants are jointly liable depends on plaintiff's averments in the statement of his cause of action, and it is a question for the state court to decide.

If the state court so decides, a plaintiff may join joint tort-feasors even though the liability of one is statutory and the liability of the other rests on the common law.

While issues of fact arising on the controverted allegations in a petition for removal are only triable in the Federal court, the state court may deny the petition if it is insufficient on its face.

Mere averment that a resident defendant, in this case an employé of small means, is fraudulently joined with a non-resident defendant of undoubted responsibility for the purpose of preventing removal by the latter, is not sufficient to raise an issue of fraud in the absence of other averments of actual fraud. The motive of plaintiff in such a case is immaterial; if the right of joinder exists he can exercise it.

83 Kansas, 562, affirmed.

THE facts, which involve the construction of the Removal Act and what constitutes a separable controversy as to a non-resident defendant sued jointly with a resident defendant, are stated in the opinion.

*Mr. F. C. Dillard* and *Mr. Paul E. Walker* for plaintiffs in error:

The petition for the removal of the suit to the United States court should have been allowed, as the controversy was separable.

The State of Kansas prohibited the joinder of the several causes of action. 3 Am. and Eng. Anno. Cases, pp. 283, 285; *Atchison, T. & S. F. Ry. Co.* v. *Sumner County*, 51 Kansas, 617; *Benson* v. *Battey*, 70 Kansas, 288; *Enos* v. *Kentucky Distilleries*, 189 Fed. Rep. 342; *Griffith* v. *Griffith*, 71 Kansas, 547; *Harrod* v. *Farrar*, 68 Kansas, 153; *Haskell Bank* v. *Santa Fe Bank*, 51 Kansas, 39; *Hentig* v. *Benevolent Assn.*, 45 Kansas, 462; *Hudson* v. *Atchison County*, 12 Kansas, 141; *Hurd* v. *Simpson*, 47 Kansas, 372; *Illinois Central* v. *Sheegog*, 215 U. S. 308; *Jeffers* v. *Forbes*, 28 Kansas, 174; *Lindh* v. *Crowley*, 26 Kansas, 47; *Marshall* v. *Saline River Land Co.*, 75 Kansas, 445; *Mentzger* v. *Burlingame*, 71 Kansas, 581; *M'Allister* v. *Ches. & O. Ry. Co.*, 198 Fed. Rep. 660; *New* v. *Smith*, 68 Kansas, 807; *Nicholas* v. *Ches. & O. Ry. Co.*, 195 Fed. Rep. 913; *Palmer* v. *Waddell*, 22 Kansas, 352; *Ritzer* v. *Davis County*, 48 Kansas, 389; *State* v. *Addison*, 76 Kansas, 699; *State* v. *Reno County*, 38 Kansas, 317; *State* v. *Shufford*, 77 Kansas, 263; *Stewart* v. *Rosengren*, 66 Nebraska, 445; *Swenson* v. *Moline Plow Co.*, 14 Kansas, 387; *Veariel* v. *United Engineering Co.*, 197 Fed. Rep. 877.

The removing defendant was liable, if at all, under the terms of the Kansas statute; the resident defendant, if at all, only under the rules of the common law. The causes of action were therefore separable. *Alaska Mining Co.* v. *Whelan*, 168 U. S. 86; 8 Am. & Eng. Anno. Cas., p. 233; *Ayers* v. *Commissioners*, 37 Kansas, 240; *Balt. & O. R. Co.* v. *Baugh*, 149 U. S. 368; *Butler* v. *Grand Trunk Ry. Co.*, 224 U. S. 85; *Central R. Co.* v. *Keegan*, 160 U. S. 259; *Chicago, R. I. & P. Ry. Co.* v. *Stepp*, 151 Fed. Rep. 908; *Henry* v. *Ill. Cen. R. Co.*, 132 Fed. Rep. 715; *Hoye* v. *Raymond*, 25 Kansas, 665; *Jackson* v. *Chicago, R. I. & P. Ry. Co.*, 178 Fed. Rep. 432; *Larned* v. *Boyd*, 76 Kansas,

37; *Lockard* v. *St. Louis & S. F. R. Co.*, 167 Fed. Rep. 675. *Martin* v. *Atchison, T. & S. F. R. Co.*, 166 U. S. 399; *McAllister* v. *Fair*, 72 Kansas, 533; *Nor. Pac. Ry. Co.* v. *Charless*, 162 U. S. 359; *North. Pac. Ry. Co.* v. *Hambly*, 154 U. S. 349; *Nor. Pac. Ry. Co.* v. *Peterson*, 162 U. S. 346; *Nor. Pac. Ry. Co.* v. *Poirier*, 167 U. S. 48; *Nor. Pac. Ry. Co.* v. *Dixon*, 194 U. S. 338; *New Eng. Ry. Co.* v. *Conroy*, 175 U. S. 323; *Prince* v. *Ill. Cent. Ry. Co.*, 98 Fed. Rep. 1.; *Swartz* v. *Siegel*, 117 Fed. Rep. 13; *St. Paul, M. & M. Ry. Co.* v. *Sage*, 71 Fed. Rep. 40; *State* v. *Mosman*, 231 Missouri, 474; *Tex. & Pac. Ry. Co.* v. *Bourman*, 212 U. S. 536; *Un. Pac. Ry. Co.* v. *Wyler*, 158 U. S. 285; *Veariel* v. *United Engineering Co.*, 197 Fed. Rep. 877; *Webber* v. *St. Paul Ry. Co.*, 97 Fed. Rep. 140.

The decisions of this court do not establish principles in conflict with the contentions of the plaintiff in error. *Alabama G. Southern Ry. Co.* v. *Thompson*, 200 U. S. 206; *Chesapeake & O. Ry. Co.* v. *Dixon*, 179 U. S. 131; *Chicago, B. & Q. R. Co.* v. *Willard*, 220 U. S. 413; *Chicago, R. I. & P. Ry. Co.* v. *Martin*, 178 U. S. 245; *Cincinnati, N. O. & T. P. Ry. Co.* v. *Bohon*, 200 U. S. 221; *Dowell* v. *Chicago, R. I. & P. Ry. Co.*, 83 Kansas, 562; *East Tenn., V. & G. R. Co.* v. *Grayson*, 119 U. S. 240; *Ill. Cent. R. Co.* v. *Sheegog*, 215 U. S. 308; *Little* v. *Giles*, 118 U. S. 596; *Louisville & N. R. Co.* v. *Ide*, 114 U. S. 52; *Louisville & N. R. Co.* v. *Wangelin*, 132 U. S. 599; *Pirie* v. *Tvedt*, 115 U. S. 41; *Plymouth Mining Co.* v. *Amador Canal Co.*, 118 U. S. 264; *Powers* v. *Ches. & O. Ry. Co.*, 169 U. S. 92; *Sloane* v. *Anderson*, 117 U. S. 275; *Southern Ry. Co.* v. *Carson*, 194 U. S. 136; *Southern Ry. Co.* v. *Miller*, 217 U. S. 209; *Stone* v. *South Carolina*, 117 U. S. 430; *Torrence* v. *Shedd*, 124 U. S. 527; *Whitcomb* v. *Smithson*, 175 U. S. 635.

The allegations of fact contained in the petition for removal were matters for the exclusive determination of. the Federal court. *Arapahoe Co.* v. *Ry. Co.*, 4 Dill. 277; *Burlington, C. R. & N. Ry. Co.* v. *Dunn*, 122 U. S. 513;

*Carson* v. *Hyatt,* 118 U. S. 279; *Ches. & O. Ry. Co.* v. *McCabe,* 213 U. S. 207; *Crehore* v. *Ohio & Miss. Ry. Co.,* 131 U. S. 240; *Dudley* v. *Ill. Cent. R. Co.,* 96 S. W. Rep. 835; *Ill. Cent. R. Co.* v. *Sheegog,* 215 U. S. 308; *Ill. Cent. R. Co.* v. *Coley,* 89 S. W. Rep. 234; *Kansas City R. Co.* v. *Daughtry,* 138 U. S. 298; *Kansas City Belt Ry. Co.* v. *Herman,* 187 U. S. 63; *Louisville & N. R. Co.* v. *Wangelin,* 132 U. S. 599; *Madisonville Traction Co.* v. *Mining Co.,* 196 U. S. 239; *Schwyhart* v. *Barrett,* 145 Mo. App. 332; *Stone* v. *South Carolina,* 117 U. S. 430; *Tex. & Pac. Ry. Co.* v. *Eastin,* 214 U. S. 153; *Underwood* v. *Ill. Cent. R. Co.,* 103 S. W. Rep. 322; *Wecker* v. *Nat. Enameling Co.,* 204 U. S. 176.

Apart from the allegations of negligence with which the resident defendant was charged, the petition contained other and distinct controversies between the plaintiff and the removing defendant. *Adderson* v. *Southern Ry. Co.,* 177 Fed. Rep. 571; *Barney* v. *Latham,* 103 U. S. 205; *Batey* v. *Nashville Ry. Co.,* 95 Fed. Rep. 368; *Beuttel* v. *Chicago & St. P. Ry. Co.,* 26 Fed. Rep. 50; *Boatmen's Bank* v. *Fritzlen,* 135 Fed. Rep. 650; *S. C.,* 212 U. S. 364; *Chicago & A. Ry. Co.* v. *N. Y., L. E. & N. R. Co.,* 24 Fed. Rep. 516; *Connell* v. *Smiley,* 156 U. S. 335; *Elkins* v. *Howell,* 140 Fed. Rep. 157; *Erb* v. *Popritz,* 59 Kansas, 264; *Ferguson* v. *Chicago, M. & St. P. Ry. Co.,* 63 Fed. Rep. 177; *Fraser* v. *Jennison,* 106 U. S. 191; *Geer* v. *Mathieson Alkali Works,* 190 U. S. 428; *Gudger* v. *Western N. C. R. Co.,* 21 Fed. Rep. 81; *Gustafson* v. *Chicago, R. I. & P. Ry. Co.,* 128 Fed. Rep. 85; *Harter* v. *Kernochan,* 103 U. S. 562; *Hartshorn* v. *Atchison, T. & S. F. R. Co.,* 77 Fed. Rep. 9; *Henry* v. *Ill. Cent. R. Co.,* 132 Fed. Rep. 715; *Hoye* v. *Raymond,* 25 Kansas, 665; *Leavenworth, W. & S. Ry. Co.* v. *Wilkins,* 45 Kansas, 674; *M'Allister* v. *Ches. & O. R. Co.,* 198 Fed. Rep. 660; *McGuire* v. *G. Nor. R. Co.,* 153 Fed. Rep. 434; *Nichols* v. *Ches. & O. Ry. Co.,* 195 Fed. Rep. 913; *Southern Ry. Co.* v. *Edwards,* 115 Georgia, 1022; *Southern Ry. Co.* v. *Robbins,* 43 Kansas, 145; *Telegraph*

*Co.* v. *Vandervort*, 67 Kansas, 269; *Wheeling Creek Gas Co.* v. *Elder*, 170 Fed. Rep. 215; *Willard* v. *Spartanburg R. Co.*, 124 Fed. Rep. 796.

Among the other numerous decisions of this court construing the separable controversy provisions of the Federal Removal Act, see the cases cited *supra* and also *Balsley* v. *St. Louis, A. & T. H. R. Co.*, 119 Illinois, 68; *Central of Ga. Ry. Co.* v. *Brown*, 113 Georgia, 414; *Chicago & E. R. Co.* v. *Meech*, 163 Illinois, 305; *Chicago & G. T. Ry. Co.* v. *Hart*, 209 Illinois, 414; *Chicago & W. I. R. Co.* v. *Newell*, 212 Illinois, 332; *Cincinnati, N. O. & T. P. Ry. Co.* v. *Robertson*, 115 Kentucky, 858; *Davis' Admr.* v. *Chesapeake & O. Ry. Co.*, 116 Kentucky, 144; *Little* v. *Giles*, 118 U. S. 596; *McCabe's Admx.* v. *Maysville & Big Sandy R. Co.*, 112 Kentucky, 861; *Murray* v. *Cowherd*, 147 S. W. Rep. 6; *Pennsylvania Co.* v. *Ellet*, 132 Illinois, 654; *Schumfert* v. *Southern Ry. Co.*, 65 S. Car. 332; *Slaughter* v. *Nashville, C. & St. L. Ry. Co.*, 91 S. W. Rep. 744; *Southern Ry. Co.* v. *Grizzle*, 124 Georgia, 735; *Southern Ry. Co.* v. *Miller*, 57 S. E. Rep. 1090; *Winston's Admr.* v. *Ill. Cent. R. Co.*, 111 Kentucky, 954.

*Mr. J. D. Houston, Mr. E. C. Hyde, Mr. David Smyth, Mr. C. H. Brooks* and *Mr. F. S. Macy* for defendant in error:

A cause of action is alleged against defendant engineer where it is charged that he injured plaintiff by carelessly running his engine over him while handling same in the course of his duties as defendant's engineer, as this is a charge of misfeasance and not of mere nonfeasance. *Alabama R. R.* v. *Thompson*, 200 U. S. 206; *Charman* v. *Lake Erie Ry.*, 105 Fed. Rep. 449; *C., R. I. & P. Ry.* v. *Dowell*, 83 Kansas, 562; Cooley on Torts, 2d ed. (1888), p. 164; 31 Cyc. 1559; 38 *Id.* 726; *Davenport* v. *So. Ry.*, 135 Fed. Rep. 960–962; 1 Am. & Eng. Ency. Law, 1132; Gen'l Statutes Kansas, 1909 ed., §§ 5603, 5628, 5681; Meachem on Agency,

572; Notes to Cases, 25 L. R. A. (N. S.) 356; *Riser* v. *So. Ry.*, 116 Fed. Rep. 215; *Southern Ry.* v. *Miller*, 217 U. S. 209; 5 Words and Phrases, p. 4537, "Misfeasance."

Under the decisions of the Supreme Court of Kansas and the Kansas statutes the railway company and the defendant engineer were jointly and severally liable for the injury thus inflicted, and were properly joined as defendants in this case. *Arnold* v. *Hoffman*, 86 Kansas, 12; 31 Cyc. 1559; *Durand* v. *Railway Co.*, 65 Kansas, 380; Gen'l Stat. Kansas, 1909, §§ 5681, 5628, 5603; *Kansas City* v. *File*, 60 Kansas, 157; *Luengene* v. *Consumers*, 86 Kansas, 866, 876; *Southern Ry.* v. *Miller*, 217 U. S. 209; *W. & W. Ry.* v. *Beebe*, 39 Kansas, 465.

Even though the plaintiff misconceived his cause of action and had no right to prosecute the defendants jointly yet it does not even then become a separable controversy or removable if he attempted to join them in good faith. *Alabama Ry.* v. *Thompson*, 200 U. S. 206; *C., B. & Q. Ry.* v. *Willard*, 220 U. S. 413; *Dougherty* v. *Yazoo Ry.*, 122 Fed. Rep. 205; *Enos* v. *Ky. Distilling Co.*, 189 Fed. Rep. 342; *Jacobson* v. *C., R. I. & P. Ry.*, 176 Fed. Rep. 1004, Syl. 5; *Keller* v. *Ry.*, 135 Fed. Rep. 202; *McGarvey* v. *Butte Miner*, 199 Fed. Rep. 671.

Defendant employé was at least liable under the common law, and the railway company both at common law and under the statute; but the case is not thereby made removable nor the controversy separable. *Amer. Bridge Co.* v. *Hunt*, 130 Fed. Rep. 302; *Arnold* v. *Hoffman*, 86 Kansas, 12; *Brown* v. *Cox Bros.*, 75 Fed. Rep. 689, Syl. 2; *C., B. & Q. Ry.* v. *Willard*, 220 U. S. 413; *Charman* v. *Ry.*, 105 Fed. Rep. 449, 454; *Dougherty* v. *Yazoo Ry.*, 122 Fed. Rep. 205; *Hough* v. *So. Ry.*, 57 S. E. Rep. 469; *Hodges* v. *Railroad Co.*, 120 Fed. Rep. 712; *Jacobson* v. *Illinois Ry.*, 176 Fed. Rep. 1004; *Luengene* v. *Consumers*, 86 Kansas, 866, 876; *Painter* v. *Chicago Ry.*, 177 Fed. Rep. 517; *Southern Ry.* v. *Miller*, 217 U. S. 209.

The petition for removal herein was wholly insufficient as to the charge of fraudulent joinder as held by the Kansas Supreme Court and also in like cases in Federal courts. It is a statement of conclusions and not of specific facts constituting the fraud. *C., B. & Q. Ry.* v. *Willard*, 220 U. S. 426; *Dowell* v. *Ry.*, 83 Kansas, 562, 568; *Ill. Cent. Ry.* v. *Sheegog*, 215 U. S. 308; *Jacobson* v. *C., R. I. & P. Ry.*, 176 Fed. Rep. 1004; *K. P. & W. Ry. Co.* v. *Quinn*, 45 Kansas, 477; *Ladd* v. *Misto*, 63 Kansas, 23; *Offner* v. *C., R. I. & P. Ry. Co.*, 148 Fed. Rep. 201; *Schwyhart* v. *Barrett*, 145 Mo. App. 348; *Stearns* v. *Page*, 7 How. 819–829; *Southern Ry.* v. *Citizen*, 74 N. E. Rep. 898; *Tobacco Co.* v. *Tobacco Co.*, 57 S. E. Rep. 5; *Ward* v. *Pullman*, 114 S. W. Rep. 754; *Warax* v. *Ry.*, 72 Fed. Rep. 637; *Wood* v. *Carpenter*, 101 U. S. 135; *York Gold Co.* v. *Keys*, 96 Kansas, 199.

The charge that the defendant engineer was financially irresponsible and was joined as defendant merely to prevent removal of the case to the Federal court, even if true, is no evidence of fraudulent joinder, if plaintiff in good faith thought he had a right to join him as defendant. *C., B. & Q. Ry.* v. *Willard*, 220 U. S. 413; *Deere Wells* v. *Ry.*, 85 Fed. Rep. 876; *Dowell* v. *C., R. I. & P. Ry. Co.*, 83 Kansas, 563, 570; *Hough* v. *So. Ry.*, 57 S. E. Rep. 469; *Schwyhart* v. *Barrett*, 130 S. W. Rep. 388; 145 Mo. App. 332; *Shane* v. *Butte*, 150 Fed. Rep. 801; *Welsh* v. *C. N. O. Ry.*, 177 Fed. Rep. 760.

Whether there is a controversy warranting a removal to the Circuit Court must be determined by the state of the pleadings and the record of the case at the time of filing the application for removal. *Cleveland* v. *Cleveland, C., C. & St. L. R. Co.*, 147 Fed. Rep. 171; *Laden* v. *Meck*, 65 C. C. A. 361; *Louisville & N. Co.* v. *Wangelin*, 132 U. S. 599; *Merchants' Storage Co.* v. *Insurance Co.*, 151 U. S. 368; *Thomas* v. *G. Nor. R. Co.*, 147 Fed. Rep. 83; *Wilson* v. *Oswego*, 151 U. S. 67.

Federal courts will not take cognizance where the record does not affirmatively show jurisdiction to be in those courts, and the presumption at every stage of the case is, that it is without their jurisdiction, unless the contrary appears from the record. *Bors* v. *Preston*, 111 U. S. 253; *Carson* v. *Hyatt*, 118 U. S. 279; *Crehore* v. *O. M. R. R.*, 131 U. S. 240; *Mansfield R. R. Co.* v. *Swan*, 111 U. S. 383; *Madisonville Traction Co.* v. *St. Bernard Mining Co.*, 196 U. S. 239; *N. O. & T. Ry.* v. *Hohon*, 200 U. S. 221–225.

Mr. Justice Lurton delivered the opinion of the court.

This writ of error is sued out to review a judgment in a personal injury case because a petition to remove the case to the Circuit Court of the United States is said to have been erroneously denied.

The plaintiff, Albert M. Dowell, was a laborer in the employ of the railroad company, his work being to remove cinders and other debris from the tracks and yards of the company in the town of Liberal, Kansas. He was a resident and citizen of that State. The railroad company was a corporation of the States of Illinois and Iowa, but not of Kansas. The plaintiff while engaged in his proper work was run down by an engine, upon which one Ed. Johnson was the engineer in control, sustaining serious and permanent injuries.

To recover damages for his hurt, Dowell sued the railroad company and Johnson as jointly and severally liable. Johnson was alleged to be, and was in fact, a citizen of the State of Kansas. The railroad company in due time filed its petition and bond, to remove the action of the plaintiff against it to the Circuit Court of the United States, as presenting a separable controversy between the plaintiff and the corporation, which could be tried out and determined without the presence of its co-defendant, Johnson.

It also averred that Johnson was a man of no means, who had been joined as a defendant "for the sole and fraudulent purpose of defeating and preventing" the removal of the case by the non-resident railroad company to the Circuit Court of the United States. The application was denied and the suit was tried before a jury upon the issues made, which found for the plaintiff, against both of the defendants in the sum of $15,000, for which sum a judgment was entered. This judgment was later affirmed by the Supreme Court of the State. *Dowell* v. *Railroad Company,* 83 Kansas, 562. The only error assigned in this court is that the Kansas court erred in denying the application for removal.

Shortly stated the plaintiff's grounds for recovery, as averred in his petition, were these:

a. That the engine which ran over him was old, worn and defective. "That it leaked steam into its cylinder and would not stand when left alone, but would move without the intervention of human or outside agency. That the appliances and machinery of said engine for starting and stopping same were so defective that the same would start and stop without reference to said machinery, and would not respond to the operation of said machinery." That it was without sufficient or safe driving wheel brakes, all of which was averred to be well known to the defendants and not known to the plaintiff.

b. That the defendant Johnson in charge and control of the said engine at the time of its collision with plaintiff, "was incompetent, unskilled and unfit to discharge the duties as an engineer at the time he was employed,  .  .  . as said railway company well knew, and that he has been unskilled, unfit and incompetent as the railway company well knew, but all of which this plaintiff was at all times ignorant."

c. "That the injury to plaintiff was the direct and proximate result of the unfitness and incompetency of

the defendant, Ed. Johnson, and of the negligence and carelessness of said Ed. Johnson in carelessly, recklessly and needlessly running said engine upon and against the said plaintiff, and of the careless failure of said Ed. Johnson in neglecting to use proper precaution to observe and avoid running upon and injuring the said plaintiff at the time and place in question, and in the carelessness of the defendant Railway Company in employing the said Ed. Johnson as engineer and in retaining him and allowing him to act as engineer at the time and place in question, and in the carelessness of the defendant Railway Company in knowingly retaining and using said defective engine at said time and place, and in carelessly failing to take proper precaution to prevent injury to said plaintiff at said time and place while engaged in the discharge of his duty as employé of said defendant Railway Company; and each and every act of omission and commission of the defendants and of each of them as above, were the joint, proximate and concurrent cause of said injury, and each of said acts of the said defendants materially, concurrently and jointly contributed to the injuries of said plaintiff, and plaintiff says that he was without fault or negligence in the premises."

The claim of a right to have the cause removed to the Circuit Court of the United States was that the requisite diversity of citizenship existed as between the plaintiff and the petitioning railroad company, and that there existed as between them a separable controversy.

But if the plaintiff alleges that the concurrent negligence of the railroad company and its employé, Johnson, was the cause of his injury, he has a right to join them in one action. If he elects to do so, it supplies no ground for removal because he might have sued them separately. *Louisville & N. R. R. Co.* v. *Wangelin,* 132 U. S. 599, 601; *Powers* v. *C. & O. Railroad,* 169 U. S. 92; *Alabama & G. S. Railway* v. *Thompson,* 200 U. S. 206.

The petition of the plaintiff below was in substance that the defective character of the engine, the unfitness and incompetency of Johnson, the engineer controlling it, and his negligence and carelessness in needlessly running the engine over him without the exercise of proper care and caution, "concurrently and jointly contributed to the injuries of said plaintiff," who was at the time in the exercise of due care.

But it is said that some of the matters charged against Johnson consisted in acts of non-feasance, and that an employer is not liable to a third person for conduct of that character.

Whether liability to a third person against a master may result from the servant's neglect of some duty owing to the employer alone, may be debatable. But we need not consider that question, since the plaintiff's declaration averred positive acts of negligence on the part of Johnson toward the plaintiff, namely, that while engaged in the company's service in the movement of the engine, he did not exercise that degree of care and skill which he was bound to exercise toward another servant engaged upon the tracks in the company's work. This was an act of misfeasance, for which he would be primarily liable, notwithstanding his contract relation to the employer and the liability of the latter for his negligent act under the Kansas statute abolishing the common law rule in respect of fellow-servants.

The state court held that the allegations of the petition stated a case of concurring negligence of master and servant for which they might be jointly sued. That court, also, aside from any positive acts of negligence, such as the retention of an incompetent servant in the control and management of an unmanageable engine, must be regarded as necessarily holding that under the law and practice of the State, it was admissible to jointly sue the company with the servant for whose negligent act it was

liable. *Southern Railway* v. *Miller*, 217 U. S. 209; *Alabama &c. Ry.* v. *Thompson, supra.*

Whether there was a joint liability or not was a question to be determined upon the averments of the plaintiff's statement of his cause of action, and is a question for the state court to decide. *Railroad* v. *Thompson, supra; Illinois Central Railroad* v. *Sheegog*, 215 U. S. 308.

That the liability of the railroad company was statutory in so far as the common law fellow-servant rule had been abolished by statute, and the liability of Johnson dependent upon common law, was held by the Kansas Court not to preclude a joinder. "It is enough," said the court below, "if the concurrent acts of negligence of each contributed to the injury inflicted upon the plaintiff." *Southern Railway* v. *Miller, supra.*

But the petition for removal averred that the sole reason in joining Johnson was for the fraudulent purpose of defeating the right of the railroad company to remove the action. It is further insisted that this averment presented a question of fact which could be tried only in the Circuit Court of the United States.

Allegations of fact, if controverted, arising upon such a petition, are triable, only in the court to which it is sought to be removed. *Illinois Central Railroad* v. *Sheegog, supra.* But if the petition was insufficient upon its face, the state court might for that reason deny it. It is well settled that the mere averment that a particular defendant had been joined for the fraudulent purpose of defeating the right of removal which would otherwise exist, is not in law sufficient. If the plaintiff had a right to elect whether he would join two joint tort-feasors, or sue them separately, his motive in joining them is not fraudulent, unless the mere epithet "fraudulent" is backed up by some other charge or statement of fact. *Illinois Central Railroad Co.* v. *Sheegog, supra.*

Neither did the allegation that the defendant Johnson

was a man of small means and the responsibility of the railroad company unquestioned, serve to show any actual fraudulent purpose in joining him as a defendant. If the plaintiff had a cause of action which was joint and had elected to sue both tort-feasors in one action, his motive in doing so is of no importance. *Chicago, R. I. & P. Ry.* v. *Schwyhart,* 227 U. S. 184; *Deere, Wells & Co.* v. *Chicago, M. & St. P. Ry.,* 85 Fed. Rep. 876; *Welch* v. *Cincinnati &c. Ry.,* 177 Fed. Rep. 760.

There was no error in denying the petition to remove.

*Judgment affirmed.*