HERCULES POWDER Co. *v.* SISTRUNK.[*]

(Division A. Dec. 13, 1926.)

[110 So. 674. No. 26014.]

1. REMOVAL OF CAUSES. *Right of removal is not defeated by fraudulent joinder of resident defendant for such purposes.*

   Wrongful and fraudulent joinder of a resident defendant for purpose of defeating right of removal does not defeat or affect such right.

2. REMOVAL OF CAUSES. *State court must accept as true facts alleged in petition for removal.*

   Allegations of fact in properly verified petition for removal must be accepted as true by state court.

3. REMOVAL OF CAUSES. *Issue taken on allegations in petition for removal is triable only in Federal court.*

  If allegations of fact in petition for removal be controverted, they are triable only in court to which removal is sought.

---

*Corpus Jurs-Cyc. References: Removal of Causes, 34Cyc, p. 1256,'n. 7; p. 1308, n. 25; On effect of fraudulent joiner of parties to prevent removal of cause of action, see 23 R. C. L. 748. Statements of petition for removal of cause to be taken by court as true, see 23 R. C. L. 751; 4 R. C. L. Supp. 1508.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by Walter Sistrunk against the Hercules Powder Company and another. Removal of cause denied, and judgment for plaintiff against the named defendant, which appeals. Reversed and remanded.

*Hannah & Simrall* and *T. J. Wills,* for appellant.

*Anderson & Anderson* and *John R. Tally,* for appellee.

Reporter's Note: See briefs in companion case of Hercules Powder Co. v. Nix, 144 Miss. 113, 109 So. 862.

Argued orally by *T. C. Hannah,* for appellant, and *John R. Tally,* for appellee.

COOK, J., delivered the opinion of the court.

The appellee, Walter Sistrunk, instituted this suit in the circuit court of Forrest county against the appellant, Hercules Powder Company, a Delaware corporation, and B. L. Patrick, a resident citizen of Forrest county, Miss., for damages for personal injuries suffered by appellee through the alleged negligence of the appellant and the said Patrick. The suit was for ten thousand dollars, and there was a judgment in the court below in favor of the defendant Patrick, from which there is no appeal. The plaintiff recovered a judgment for one thousand eight

hundred dollars against the defendant Hercules Powder Company, and from this judgment this appeal was prosecuted.

On the return day of the cause, the appellant filed a petition and bond to remove the cause to the federal court. The petition and bond were regular in form, and the petition was properly verified. The petition alleged that, at the time of the commencement of the suit, and at the time of the filing of the petition, the appellee was a citizen and resident of the state of Mississippi; that the appellant was, at the time of the commencement of suit and the filing of the petition, a citizen of, and a corporation existing under and by virtue of the laws of, the state of Delaware, a resident of said state, and a nonresident of the state of Mississippi, and that the defendant B. L. Patrick was at said times a resident and citizen of the state of Mississippi.

This petition further alleges that the defendant B. L. Patrick was made a party defendant to said suit solely and only because he was a citizen and resident of the state of Mississippi, and for the sole and only purpose of thereby wrongfully and unlawfully attempting to confer jurisdiction on the state court to hear and determine the cause, and for the sole and only purpose of thereby wrongfully and unlawfully preventing, or attempting to prevent, the petitioner from removing the cause from the state court to the federal district court. The petition further averred that the plaintiff had no cause of action whatever against the said B. L. Patrick; that all the allegations of the plaintiff's declaration which show, or tend to show, that the plaintiff has any cause or grounds of action against the said B. L. Patrick are untrue, and that the plaintiff knew, at the time of the commencement of the suit, and still knew, that the same were untrue, and that all of the said untrue allegations of the plaintiff's said declaration, which show, or tend to show, that he has any cause or grounds of action against the said B. L. Patrick, were intentionally made by him, the said

plaintiff, for the sole purpose of wrongfully and unlawfully making the said B. L. Patrick a defendant in and to the suits for the sole purpose of thereby wrongfully and unlawfully attempting to prevent the petitioner from removing the cause from the state court to the United States district court. With this petition for the removal of the cause, there was filed the affidavit of B. L. Patrick averring that all the allegations of the plaintiff's declaration which show, or tend to show, that the affiant was, or had been, guilty of any act or acts of negligence of any kind toward the said plaintiff are untrue, and that the said plaintiff knew, at the time of the commencement of the suit, and still knows, that all of the said allegations of his declaration were untrue.

The plaintiff then filed a sworn answer to this petition for removal, specifically denying each and every allegation thereof of wrongful and fraudulent joinder of the defendant Patrick for the purpose of preventing the removal of the cause to the Federal court.

Upon these pleadings the court then entered the following order:

"This cause came on to be heard on the petition and bond filed by the defendants on the first day of the term of the court for the removal of said cause to the Federal court, and, the plaintiff appearing in open court, and offering to contest the truth of the facts set forth in said petition, the court proceeded to hear said contest over the objection of the defendants, and finding that the defendant B. L. Patrick was not fraudulently joined as a defendant, but that the declaration stated a good and sufficient cause of action against the said defendant.

"It is considered, and so ordered and adjudged that the said cause is not removable to the federal court, but that this court has jurisdiction to try and determine the same, and the said application to remove is hereby denied.

"It is found, and so ordered and adjudged by the court, that the petition and bond for removal are in all other respects good and sufficient."

Upon the refusal to grant an order of removal the trial of the cause proceeded in the state court, and resulted in a verdict and judgment of one thousand eight hundred dollars against the nonresident defendant, from which judgment this appeal was prosecuted.

We think this case is ruled by the case of *Hercules Powder Co.* v. *Nix* (Miss.), 109 So. 862, and the authorities there cited. If the resident defendant was wrongfully and fraudulently joined for the purpose of defeating the right of removal, as averred in the petition, the right of removal was not defeated or affected by such joinder, and the averments of fraudulent joinder and the denial thereof in plaintiff's sworn answer present an issue of fact to be determined in the federal court. It has been repeatedly held by the supreme court of the United States that the allegations of fact arising upon a properly verified petition for removal must be accepted as true by the state court, and that such allegations of fact, if controverted, are triable only in the court to which removal is sought. *Chicago, R. I. & P. R. Co.* v. *Dowell,* 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090; *Chesapeake & O R. Co.* v. *Cockrell,* 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544; *Wilson* v. *Republican Iron & Steel Co.,* 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

Upon the face of the pleadings we are of the opinion that the appellant was entitled to an order removing the cause to the federal court, and, consequently, the judgment of the court below will be reversed, and the cause remanded to the state court to await the action of the federal court on the application of appellant to remove.

*Reversed and remanded.*