### 13415

CANNADY v. ATLANTIC COAST LINE R. CO. ET AL.

(164 S. E., 235)

36

38

*Mr. M. C. Woods,* for appellant,

*Messrs. Tison & Miller*, for respondent,

May 27, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Elizabeth Cannady, as administratrix of the estate of Less Cannady, deceased, against the defendants, Atlantic Coast Line Railroad Company, V. Baldwin, and H. E. Jones, was commenced in the Court of Common Pleas for Marlboro County, March 31, 1931, for the purpose of recovering damages against the defendants for the alleged wrongful death of the said Less Cannady. On April 18, 1931, the defendant Atlantic Coast Line Railroad Company served upon the plaintiff a notice of intention to file a petition for the removal of the cause to the United States District Court for the Eastern District of South Carolina and at the same time filed in the office of the Clerk of Court for Marlboro County a petition for removal and a bond executed in due form for that purpose. Within due time, copies of the summons, complaint, notice, petition, and bond, duly certified by the Clerk of the said Court of Marlboro County, were filed in the District Court of the United States for the

Eastern District of South Carolina. Thereafter, in accord-
ance with the said notice, motion for an order removing the
case to the said United States District Court was made and
heard before Hon. E. C. Dennis, Circuit Judge, who, after
due consideration, refused to grant the motion for removal
and issued an order accordingly. The motion for removal to
the United States District Court was based upon the alleged
ground that the complaint sets up a separable controversy.
From the order of Judge Dennis refusing the motion for
removal, the defendant Atlantic Coast Line Railroad Com-
pany has appealed to this Court.

Upon due consideration of the allegations of the com-
plaint and the motion papers, we are satisfied that Judge
Dennis issued the proper order in the cause, and for the rea-
sons stated in his said order the exceptions are overruled and
the order affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stab-
ler and Bonham concur.

Mr. Justice Bonham (concurring) : I concur in the
opinion of Mr. Justice Carter upon the strength of the cases
of *Powell v. Southern Railway Co.,* 110 S. C., 70, 96 S. E.,
292, and *Atlantic Coast Line Ry. Co. v. Feaster* (D. C.),
260 F., 881, 882. The *Powell case* is quoted and relied on in
the opinion in the *Feaster case,* delivered by Judge H. A. M.
Smith, presiding in the United States District Court for the
District of South Carolina. The syllabus to that case suc-
cinctly states the issue and the conclusion of the Court: "An
action brought by an employee in a South Carolina State
Court against a Virginia railroad corporation and another
for personal injury claimed to have been inflicted through
the joint negligence of the defendants is not removable, in
view of the decisions of the South Carolina Supreme Court,
because the liability of the railroad company would be gov-
erned by the South Carolina Employers' Liability Act, while
the responsibility of the individual defendant would be meas-
ured by the common law; the holding of the local Court be-

ing that, although a different rule of law would be applied as measuring the liability of the two defendants, that would not be sufficient to change the general nature of the tort."

Judge Smith, in his opinion, said:

"The position of the Atlantic Coast Line Railroad Company is that the statute known as the Employers' Liability Act, passed by the State of South Carolina, on the 14th day of April, 1916, supersedes all law relating to the relations of employer and employee in a case such as this, where the employer is a common carrier by railroad, and the right of the employee to recover depends entirely upon the terms of that Act; whereas, his right to recover as against the other defendant, R. S. Jones, depends entirely upon the common law, making both employer and employee liable to the party injured in a case of injury caused by joint negligence; for this Court cannot in the same cause administer a different rule as to liability to different defendants, the one being the liability imposed by the common law and the other being the rule as to liability imposed by the Employers' Liability Act.

"There are some aspects in which this position would appear to be logical and reasonable and there are decisions of respectable Courts supporting it; but the Supreme Court of South Carolina, in the case of *Powell v. Southern Railway Company,* 110 S. C., 70, 96 S. E., 292, decided on the 15th of April, 1918, has decided explicitly that, although a railway company may be liable as an employer under the Act of Congress entitled 'Employers' Liability Act' (Act April 22, 1908, c. 149, 65 [45 U. S. C. A., §§ 51-59]), the language of the South Carolina statute being the same, while the other defendant in that case may be liable under common law, yet that where the complaint alleged that the transaction was one and that both the defendants had concurrent part in the transaction, it did not matter that the law casts upon each defendant a different duty thereabout; that that consideration does not separate them in the performance of the same Act, and that the complainant had a right to

allege the existence of a joint tort, and to recover upon the tort as a joint one, although a different measure of liability might be imposed by the Court upon the separate defendants; that although a different rule of law would be applied as measuring the liability of the two separate defendants, that would not be sufficient to change the general character of the tort and convert the right against each defendant into a separable one."

The movant in the present case contends that the statute law of this State, commonly called the Crossing Statute, imposes upon the railroad liability for "all damages" arising from a collision at a crossing; therefore, no sort of liability can attach to the agents and servants of the railroad who are joined with it in the action. We cannot concur in this view. We think the term "all damages" referred to the nature and extent of the damages, or injuries, and it was not intended to say that the railroad alone should be responsible for such damages. The cases of *Jenkins v. Ry. Co.,* 130 S. C., 180, 125 S. E., 912, and *Johnson v. Ry. Co.,* 142 S. C., 125, 140 S. E., 443, are authority for saying that, where the master is held liable in an action based on the tort of the servant, the master has a right of action to recover from the servant the damages he has been called to pay. If the views urged by the movant were correct, the master, if a railroad corporation, would be deprived of this right.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.