**NELSON v. BALDWIN et al.**

No. 10397.

Circuit Court of Appeals, Eighth Circuit.

March 7, 1936.

Tom W. Campbell, of Little Rock, Ark., for appellant.

Edward J. White, of St. Louis, Mo., Harry L. Ponder, of Walnut Ridge, Ark., and Thomas B. Pryor and Thomas B. Pryor, Jr., both of Ft. Smith, Ark., for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, as plaintiff, brought an action at law in the circuit court of Randolph county, Ark., against all of the appellees as defendants, alleging in her complaint that her intestate, a resident and citizen of Arkansas, was on April 20, 1933, at Moark, Ark., killed by a Missouri Pacific train at a crossing; that the nonresident defendants, Baldwin and Thompson, were the trustees of the Missouri Pacific Railroad Company, in charge of its operation; that the resident defendant, Charles Ledbetter, was the engineer of the locomotive pulling the train which caused the death of the decedent; that his death resulted from the negligence of the defendants in running the train upon the crossing at an excessive rate of speed and without warning by bell or whistle of its approach. Joint negligence was charged, and a joint judgment asked.

The nonresident defendants filed a petition for removal on the ground of diversity of citizenship, a separable controversy, and a fraudulent joinder, and the case was removed to the federal court. The plaintiff denied the existence of a separable controversy or a fraudulent joinder, and moved to remand. The motion was denied, and, from a judgment of dismissal for failure to prosecute the action further, this appeal is taken.

The situation presented upon this appeal is in all substantial respects the same as that presented in the case of Huffman v. Baldwin et al., Trustees of Missouri Pacific Railroad Company, Debtor, et al. (C.C.A. 8) 82 F.(2d) 5, the opinion in which was filed this day. The decision in that case rules this case. The court below permitted the appellees, upon their petition for removal, to try out the merits of a controversy which was clearly not removable.

The judgment is reversed and the lower court directed to remand the case to the state court from which it was removed.