## HARRELSON v. MISSOURI PACIFIC TRANSP. CO. et al.

### No. 10646.

Circuit Court of Appeals, Eighth Circuit.

Dec. 30, 1936.

Tom W. Campbell, of Little Rock, Ark (J. H. Lookadoo, of Arkadelphia, Ark., on the brief), for appellant.

Henry Donham, of Little Rock, Ark. (Robert E. Wiley, of Little Rock, Ark., on the brief), for appellees.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

Mrs. Mary F. Harrelson (administratrix) brought this suit in a state court of Arkansas for damages against the Missouri Pacific Transportation Company, a common carrier of passengers by bus, incorporated under the laws of Delaware, one of its bus drivers, a resident citizen of Tennessee, and Jake McClanahan, a resident citizen of Arkansas; the allegations of the petition being that the defendants had been guilty of negligence which caused the death of her husband. The transportation company and its driver removed the cause to the federal court on the grounds: (1) That the plaintiff had no case against the resident defendant McClanahan as she well knew, but had fraudulently joined him as a sham defendant to defeat the federal jurisdiction; and (2) that there was a controversy of federal cognizance for diversity of citizenship between the plaintiff on one side, and the company and its bus driver on the other side, which was separable from the case alleged by the plaintiff against the defendant Jake McClanahan.

The allegations of the removal petition were put in issue by a motion to remand, and the federal court, having heard the evidence, denied the motion to remand. The plaintiff elected to stand upon her motion to remand and, having suffered a judgment of dismissal for failure to prosecute her cause in the federal court, she has appealed and assigns error in denying the motion to remand.

It appears from the plaintiff's petition that her husband was a ticket agent of the defendant transportation company at Arkadelphia, Ark., required, among other things, to assist passengers to load their baggage onto the busses, and that in the course of her husband's duty he and three other men were raising a heavy trunk belonging to a passenger from the ground to the top of the bus on which the passenger was travelling. Her husband was on the ground at the middle of the trunk lifting on it. The defendant McClanahan was lifting at one side, and another man was lifting at the other side, while the defendant bus driver, on top of the bus, was standing apparently ready to reach for the trunk. When they got the trunk up about head-high, to the point where the driver on top should have taken hold of it, the defendant McClanahan negligently "turned loose of it"; the other man on the ground negligently did likewise; and the driver negligently "failed to take hold as it was his duty to do"; and so the plaintiff's husband was left alone holding up the whole weight for two or three minutes, causing him injuries from which he

died at 5 o'clock the next morning. On the trial of the issues presented by the petition for removal and the motion to remand, the plaintiff adduced two eyewitnesses who testified that they saw the occurrence substantially as alleged in the petition, and witnesses for the defendants contradicted them.

It is not apparent from the record what the ground was upon which the remand was denied by the trial court, but we think it clear that neither of the grounds of federal jurisdiction alleged in the petition for removal was proven.

■ 1. Plaintiff's joinder of the Arkansas resident McClanahan as a defendant was not shown to be fraudulent because she had testimony that McClanahan was helping to load the trunk; that his help was being availed of by the other defendants; that he was negligent as charged; and that his negligence, together with that of the others, caused her husband's injuries and death. The testimony adduced by the defendants to the effect that neither McClanahan nor the bus driver was negligent in loading the trunk, and that no such injuries as claimed were inflicted, was immaterial because there was complete failure to show that the plaintiff did not have a real intention to get a joint judgment against all the defendants. Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Huffman v. Baldwin (C.C.A.8) 82 F.(2d) 5; Morris v. E. I. Du Pont De Nemours & Co. et al. (C.C.A.8) 68 F.(2d) 788.

■ 2. Neither was there any separable controversy removable as such to the federal court. Plaintiff chose to sue all of the defendants who she says were negligent in the loading of the trunk and whose negligence caused injuries to her husband in a joint action, as she has a right to do in Arkansas. Section 1076, Crawford & Moses' Dig., 1921; Chicago, R. I. & P. R. Co. v. Schwyhart, supra; City Electric St. Ry. Co. v. Conery, 61 Ark. 381, 33 S.W. 426, 31 L.R.A. 570, 54 Am.St.Rep. 262; St. L. South Western Ry. Co. et al. v. Kendall, 114 Ark. 224, 169 S.W. 822, L. R.A.1915F, 9; St. L. South Western Ry. Co. v. Mackey, 95 Ark. 297, 129 S.W. 78; Missouri Pac. Ry. Co. v. Riley et al., 185 Ark. 699, 49 S.W.(2d) 397. The defendants could not compel her to make it separate in order to confer federal jurisdiction. Hay v. May Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965; Louisville &

N. R. Co. v. Wangelin, 132 U.S. 599, 10 S.Ct. 203, 33 L.Ed. 474; Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 18 S. Ct. 264, 42 L.Ed. 673; Alabama Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S. Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090; McAllister v. Chesapeake & O. Ry. Co., 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735; Chicago & Alton R. R. Co. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826; Watson v. Chevrolet Motor Co. (C.C.A.8) 68 F.(2d) 686.

■ It is argued on this appeal that there was another separable controversy of federal cognizance because plaintiff's rights against the transportation company are governed by the Arkansas Employers' Liability Act (Crawford & Moses' Dig. Ark. § 7137 et seq.), and her rights against either individual defendant are governed by the Arkansas Lord Campbell's Act (Crawford & Moses' Dig. Ark. §§ 1074, 1075).

The petition for removal filed by the transportation company and its bus driver contains no allegations that such a separable controversy existed. Crehore v. Ohio & M. Valley R. Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144; Cameron v. Hodges, 127 U.S. 322, 326, 8 S.Ct. 1154, 32 L.Ed. 132; Kraut v. Worthington Pump & Machinery Corporation (D.C.) 1 F.Supp. 307; Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 58 L.Ed. 544; Enger v. Northern Finance Corporation (D.C.) 31 F.(2d) 136, 138; New England Nat. Bank v. Calhoun (C.C.A.8) 9 F.(2d) 272, 274. And, in any event, the contention presents no ground to sustain the federal jurisdiction. Crawford & Moses' Dig. Ark. 1921, §§ 7144–7150, 1074, 1075, 1070; Cox v. Early (C.C.A.8) 65 F.(2d) 891, 892; Huffman v. Baldwin (C. C.A.8) 82 F.(2d) 5, 8; Nelson v. Baldwin (C.C.A.8) 82 F.(2d) 8; Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U.S. 102, 113, 33 S.Ct. 684, 57 L.Ed. 1090; Alabama G. S. Railway Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann. Cas. 1147; Morris v. E. I. Du Pont, etc., Co. (C.C.A.8) 68 F.(2d) 788, 791; Watson v. Chevrolet Motor Co. (C.C.A.8) 68 F.(2d) 686, 688; Chicago, R. I. & P. Ry. Co. v. Jenkins, 183 Ark. 1071, 40 S.W.(2d) 439; Adams v. Shell, 182 Ark. 959, 33 S. W.(2d) 1107; Tillar v. Reynolds, 96 Ark.

358, 131 S.W. 969; 30 L.R.A.(N.S.) 1043; Choctaw, O. & G. R. R. Co. v. Hickey, 81 Ark. 579, 99 S.W. 839; Jonesboro, L. C. & E. R. R. Co. v. Wright, 170 Ark. 815, 281 S.W. 374; Johnson v. Missouri Pac. R. R. Co., 167 Ark. 660, 666, 269 S.W. 67; Van Troop v. Dew, 150 Ark. 560, 564, 234 S.W. 992; Jenkins v. Midland Valley R. R. Co., 134 Ark. 1, 203 S.W. 1; Midland Valley R. R. v. Ennis, 109 Ark. 206, 217, 159 S.W. 214; Cannady v. Atlantic Coast Line R. Co., 166 S.C. 35, 164 S.E. 235, 237.

Reversed, with directions to remand.