## UNITED STATES v. KESSEL.

(District Court, N. D. Iowa, Cedar Rapids Division. October 12, 1894.)

1. DISTRICT COURTS—CRIMINAL CASES—TIME AND PLACE OF TRIAL.

Rev. St. § 563, provides that the district courts shall have jurisdiction of all crimes cognizable under the authority of the United States, committed within their respective districts. Section 581 provides that a special term of any district court may be held at a place where any regular term is held, or at such other place in the district as the nature of the business may require, and any business may be transacted at such special term which might be transacted at a regular term. Act Cong. July 20, 1882 (22 Stat. p. 172), creating the northern district of Iowa, and Act Cong. Feb. 24, 1891 (26 Stat. p. 767), amendatory thereof, and creating the Cedar Rapids division, contain no provision in regard to the place of trial of criminal actions, nor any limitations of the power conferred by Rev. St. § 563. *Held,* that the district court of the northern district of Iowa may name the time and place of trial of criminal cases, whether at a regular or special term, or at the usual places for holding court or otherwise, subject only to the right of defendant to a speedy trial within the district in which the offense was committed.

2. SAME—TRANSFER FROM CEDAR RAPIDS TO DUBUQUE—WHEN ORDERED.

Several indictments against the same person, returned at Cedar Rapids, charged the commission of offenses in the eastern division of the northern district of Iowa, in which division defendant resided. *Held,* that a motion by the district attorney to transfer the cases to Dubuque for trial, to save expense, should be granted, in the absence of any showing that defendant would be prejudiced thereby.

Several indictments were returned at Cedar Rapids against George Kessel, and the district attorney moved to transfer the cases to Dubuque for trial, for the purpose of saving expense. Motion granted.

Cato Sells, Dist. Atty., for the United States.
H. T. Reed, for defendant.

SHIRAS, District Judge. At the present (September) term of this court held at Cedar Rapids, several indictments were returned by the grand jury against the defendant, who resides at Cresco, Howard county, Iowa. Several indictments of the same general character are now pending for trial at Dubuque, having been presented by the grand jury at the December term, 1893, of this court. The district attorney now moves that the indictments returned at Cedar Rapids be set down for trial at Dubuque, the purpose being to save costs and expense. The defendant, appearing by counsel, objects to the transfer, mainly upon the ground that the court does not possess the authority to make the transfer.

By section 2, art. 3, of the constitution of the United States, it is provided that "the trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed. * * *" And,.

by article 6 of the amendments to the constitution, it is declared that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law. * * *" In the prosecution of criminal offenses by indictment, there are two material steps to be taken, which, however, are entirely separate and distinct,—the one being the finding and presentation of the indictment; the other, the trial of the accused before a petit jury. The judiciary act of 1789, §§ 2, 3, divided the United States into districts, and created a district court for each district; naming a place for the holding the stated terms in each district, with authority to hold special courts at such times and places within the district as the nature of the business might demand. By section 9, jurisdiction was conferred upon the district courts over all crimes and offenses cognizable under the authority of the United States, committed within their respective districts, or upon the high seas, where the punishment to be inflicted did not exceed certain stated limits. The substance of these provisions, with modifications to suit the development of the country, are re-enacted in sections 530, 551, and 563 of the Revised Statutes. Under the provisions of these sections, there is in each judicial district of the United States a district court, whose jurisdiction is coextensive with the district, it being expressly declared by section 563 that the district courts "shall have jurisdiction as follows: First, of all crimes and offenses cognizable under the authority of the United States, committed within their respective districts. * * *" By section 581, Rev. St., it is provided that "a special term of any district court may be held at the same place where any regular term is held, or at such other place in the district as the nature of the business may require, * * * and any business may be transacted at such special terms which might be transacted at a regular term." In the progress of time, it has become customary for congress to divide the several judicial districts into two. or more divisions, and to provide for holding terms of court in the several divisions. The creation of these divisions does not, however, create new districts, nor establish new or additional district courts. Unless there is some special provision in the act of congress creating such divisions in a given case, the district court, in its jurisdiction over criminal cases, remains unaffected; and that jurisdiction, under section 563, is territorially coextensive with the district. Thus in Logan v. U. S., 144 U. S. 263, 297, 12 Sup. Ct. 617, it was expressly held that a grand jury sitting at any place at which the court is appointed to be held has authority to present indictments for offenses committed anywhere within the district. Thus it is clear that the grand jury which met at Cedar Rapids had full authority to present indictments against the defendant, Kessel, for any offenses he might have committed within the territorial limits of the northern district of Iowa.

These indictments having been thus properly returned, then the question arises of the place and time of trial. The acts of congress

creating the northern district of Iowa, approved July 20, 1882 (22 Stat. 172), and the act amendatory thereof, creating the Cedar Rapids division, approved February 24, 1891 (26 Stat. 767), do not contain any provision in regard to the place of trial of criminal actions, nor do they contain any limitations upon the power conferred by section 563, Rev. St., under which the court may order special terms to be holden at any time and place. The provisions of these acts in regard to civil business is that, if not of a local nature, suits must be brought in the division wherein the defendant resides. The purpose of this enactment is to require the place of trial to be brought as near as possible to the residence of the defendant. If this provision is to have any weight in determining the place of trial in criminal cases, then it would require that such cases should be set down for trial in the division wherein the defendant resides; and in this case the defendant resides in the Dubuque division, and therefore that should be selected as the place for trial. It is urged in argument by counsel for defendant that if the court has the power to order transfers in criminal cases, such as is asked in this case, it may result in imposing upon a defendant an unreasonable burden, in that, for an offense alleged to have been committed in Allamakee county, the trial may be ordered at Sioux City. Unless the power to fix the place of trial at a place other than where the indictment is returned is possessed by the court, then the evil suggested by counsel is bound to arise. An indictment, under the ruling in Logan v. U. S., supra, may be rightfully found by a grand jury sitting at Sioux City for an offense committed in Allamakee county, which is in the eastern division. If the court cannot send such an indictment for trial to the division in which the defendant resides, then he will be compelled to incur the expense of attending court at Sioux City, whereas, if it be true that the court possesses the right to fix the place of trial, regard can always be had to the rights of the defendant in this respect. I therefore hold that as the act of congress creating the northern district of Iowa, and the divisions thereof, does not define where the criminal cases shall be tried, it is within the power of the court, under the provisions of the General Statutes of the United States, to name the time and place of trial, whether at a regular or special term, or at the usual places for holding court, or otherwise, subject only to the right of the defendant to a speedy trial within the district wherein the offense laid at his charge was committed. In the cases wherein indictments were returned at Cedar Rapids, the several offenses therein charged were committed within the eastern division, which is also the division wherein the defendant resides; and as it is not shown that the defendant will be, or can be possibly, prejudiced by setting down these cases for trial at Dubuque, the motion to that effect will be granted.