SESSIONS et al. v. SOUTHERN PAC. CO. et al.

(Circuit Court, N. D. California. December 27, 1904.)

1. FEDERAL COURTS—REMOVAL OF CAUSE—SEPARABLE CONTROVERSY—ACTION FOR DEATH.

Where, in an action for death of a passenger, plaintiff joined the railroad company, a nonresident corporation, with certain of its employés, operating the colliding trains which caused the accident, who were of the same citizenship as plaintiff, but the only negligence averred was that of the servants in control of the trains, the corporation's liability being based wholly on the fact that the acts of the servants were within the scope of their employments, and bound the company, the complaint did not charge a joint tort, and hence the corporation was entitled to remove the cause to the federal court.

[Ed. Note.—Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

On Motion to Remand Cause.

W. B. Rinehart and Welles Whitmore, for plaintiffs.
P. F. Dunne, for defendants.

HUNT, District Judge (orally). Plaintiff alleges that she is the widow of Charles A. Sessions, deceased, and that Nathan P. Sessions, also a plaintiff, is the son and only child of said Charles A. Sessions, deceased. Plaintiff alleges: That she was entirely dependent upon her husband for maintenance and support. That she and her son and the defendants McGuire and Cole are residents of the state of California. That the defendant Southern Pacific Company is a corporation organized and existing under the laws of the state of Kentucky, doing business in the state of California, and that on December 20, 1902, the defendant company was engaged in operating trains upon its railway lines between the city of Oakland, Cal., and the city of Fresno, in the same state. That on said December 20, 1902, at the time of the occurrences set out, and at the time of the death of said Charles A. Sessions, the defendants McGuire, Dolan, and Cole were employed by, and were employés and servants of, the defendant corporation, the defendant McGuire being a locomotive engineer, engaged in managing and running the locomotive engine attached to and being part of a certain passenger train of the defendant known as the "Stockton Flyer," and the defendants Dolan and Cole acting in the respective capacities of conductor and brakeman upon a certain train operated by the defendant corporation and known as the "Owl" train, and that the defendant Dolan was at said time in the management and control of the said passenger train known as the "Owl" train, and the defendant Cole was at the same time acting as passenger brakeman on the

said train. That upon December 20, 1902, the said Charles A. Sessions purchased a ticket entitling him to passage over the defendant's line from Oakland to Fresno by way of the town of Byron, and was taken as a regular passenger upon the "Owl" train, and that the defendant company carried the said Sessions on said day from Oakland to a point on said railway line near the town of Byron, where the said "Owl" train stopped, and the car in which said Sessions was riding as a passenger stopped; and while said car and the said "Owl" train stopped and were standing on the track of the said railway the said car and the said train were run into from the rear by another train of cars drawn by a locomotive engine, said train being known as the "Stockton Flyer," and which said locomotive engine and said train of cars known as the "Stockton Flyer" were being run at said time by said defendant, its agents, servants, and employés, including said McGuire, over and along said line of railway, at a high rate of speed. That the said "Owl" train was at said time owned, managed, and controlled by the said defendant Southern Pacific Company, its agents, servants, and employés, one of which was the said Dolan, and one of which was the said Cole. That the said train known as the "Stockton Flyer" collided with the car of the "Owl" train, in which the said Charles A. Sessions was riding, and then and there killed him; and that said collision and said wreck and the said death of the said Sessions were caused by, and were the direct result of, the carelessness and gross negligence of the said defendants. Plaintiffs ask damages in the sum of $20,000.

The action was instituted in the superior court of the state of California in and for the county of Alameda, and thereafter the defendant Southern Pacific Company filed its petition for removal, alleging its incorporation under the laws of the state of Kentucky, and that the plaintiffs Ella A. Sessions and N. P. Sessions were and are residents and citizens of the state of California, and that there is in said suit a controversy wholly between citizens of different states. Defendant also sets forth in its petition for removal that in June, 1903, an action was instituted upon the same claim as herein set out against this defendant in the superior court of the state of California in and for the county of Contra Costa, to recover of this defendant, as the sole defendant therein, the sum of $20,000, for the same damages alleged to have been sustained by the same plaintiffs, Ella A. and N. P. Sessions, on account of the death of the same Charles A. Sessions named in the complaint on file in this present suit, and that thereafter the said suit was removed to the Circuit Court of the United States, and that petitioner, when the action was removed, filed its answer in the Circuit Court of the United States; and that said suit was pending and undisposed of in the Circuit Court of the United States until the 26th day of September, 1904, on which date the plaintiffs in said action dismissed said suit from the said Circuit Court of the United States; and immediately after said dismissal, to wit, on the 29th day of September, 1904, plaintiffs brought this action in the superior court of the state to recover damages in the sum of $20,000, alleged to have been sustained by the said plaintiffs on account of the death of the said Charles A. Sessions named in the plaintiffs' complaint, and joined

therein as defendants the said McGuire, Dolan, and Cole. Petitioner further sets forth that the action sought to be removed against the three codefendants joined therein presented no actionable cause for negligence against the petitioner's codefendants, McGuire, Dolan, and Cole, and that no cause of action was stated against them, or either of them, and that they were joined merely as a device to defeat, and for the sole purpose of defeating, the right of petitioner to removal to the Circuit Court of the United States. Petitioner set forth that the defendants at the time of the accident alleged in the complaint were employés at monthly wages, and that each of them was and is wholly unable to respond in damages in any appreciable amount to the plaintiffs, and that the cause of action set up and alleged presented a separable controversy. The necessary bond was furnished, and the cause was removed. The plaintiffs have now filed a motion to remand the cause to the superior court of the state.

An examination of the complaint fails to show the commission of a joint tort. The averments, taken together, are that the negligence was that of the servants who had control of defendant's train when the collision occurred. No other representative of the corporation is charged to have been present or to have been associated with them; hence the argument of joint negligence of the servants and principal is the legal view of the plaintiffs, predicated upon the belief that the acts of the servants in control, being acts of agents and servants in the scope of their employments, were the acts of the defendant company, and that, therefore, the principal and agent become jointly liable in a single action. The plaintiffs rely principally upon the case of Railroad Company v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. The rule that, where concurrent negligence is charged, the controversy is not separable, as laid down in the Dixon Case, must be regarded in its relation to the construction put upon the pleadings and the record in that particular case, and, when so regarded, the decision of the court is limited to the determination that the Court of Appeals of Kentucky was correct in denying a petition to remove where a complaint expressly averred that the death of the plaintiff was caused by the joint and concurrent negligence of all the defendants. The chief justice argued that the unusual rate of speed of the train, as averred in the complaint in that case, may have been permitted by some rule of the company itself, and, if so, the negligence was concurrent; not, as I understand it, however, by derivative negligence, but by direct omission or neglect, which would make the company concurrently liable with the employés in an entire cause of action. But in the case under consideration there is no such allegation averring that the death of plaintiff was caused by the joint and concurrent negligence of all the defendants. The case is brought fairly within the principle of the Warax Case (C. C.) 72 Fed. 637, that "the liability of the master for the negligence of his servants in his absence, and without his concurrence or express direction, arises solely from the policy of the law which requires that he shall be held responsible for the acts of those he employs, done in and about his business, while the liability of the servant arises wholly from his personal act in doing the wrong." The Supreme Court upholds this principle, and, where its application may be made to

a state of facts such as plaintiffs plead herein, the cause of action cannot be joint. Believing that the servants are improperly joined as defendants with the railroad company, the company has a right to have the suit tried in this court.

The motion to remand is denied.