### GOPCEVIC v. CALIFORNIA PACKING CORPORATION. (No. 16535.)

(District Court, N. D. California, S. D. May 23, 1921.)

**1. Courts ⬤⟲50—District Court has jurisdiction throughout district, regardless of divisions.**

    A United States District Court has jurisdiction throughout and territorially coextensive with its district, regardless of the creation of divisions within the district, or the multiplication of places of holding court, so that the court or judge may competently do in one division or at one seat things pertaining to the business in another, and may for proper reasons transfer cases from one division to another.

**2. Removal of causes ⬤⟲102—Motion to remand granted, where removal was to wrong division.**

    Where an action, begun in the state court, was removed to a division of the United States District Court other than that containing the county in which the action was begun, contrary to Judicial Code, § 53 (Comp. St. § 1035), and the plaintiff seasonably moved to remand the case for that reason, his motion must be granted, even though the defect in the jurisdiction was one which could have been waived, if the plaintiff had not raised the objection.

**3. Removal of causes ⬤⟲106—Plaintiff's failure to object in state court does not waive objection by motion to remand.**

    The failure of plaintiff to raise in the state court the objection that the application sought removal to the wrong division of the United States District Court does not waive his right to raise that objection by a motion to remand after the removal.

**4. Removal of causes ⬤⟲89(2)—State court can refuse removal only for want of substantive showing.**

    A state court can deny an application for removal to the United States District Court only where the lack of showing is so wanting in substantive merit as to clearly disclose on the face of the application that the order should not be granted.

At Law. Action by Milos M. Gopcevic against the California Packing Corporation, begun in the state court, and removed by the defendant to the United States District Court. On motion to remand to the state court. Motion granted.

Moran & Heer, of San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendant.

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN FLEET, District Judge. This is a motion to remand the cause to the state court. Section 53 of the Judicial Code (Comp. St. § 1035) provides:

"* * * * In all cases of the removal of suits from the courts of a state to the District Court of the United States, such removal shall be to the United States District Court in the division in which the county is situated from which the removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of United States courts, shall be deemed to refer to the terms of the United States District Court in such division."

California has two districts, the Northern and the Southern. This district (the Northern) is divided into two divisions, denominated, respectively, the Northern division and the Southern division. The Northern division consists of certain designated counties, with the seat of the court at Sacramento and Eureka, respectively, for stated terms, and the Southern division embraces the remaining counties within the district, wherein the court sits at San Francisco for certain other stated terms prescribed for the latter. Judicial Code, § 72, as amended St. 1916, c. 122 (Comp. St. § 1057).

This action was commenced, since the divisions were established, in the superior court of the state for the county of Lake, which is one of the counties included within the territory designated as the Northern division. In due time the defendant, upon notice thereof, presented to the state court a petition for the removal of the cause to the United States District Court on the ground of diversity of citizenship, wherein it asked a removal to the Southern division of the district, accompanying its petition by a bond containing the usual undertaking for a removal to that division, and the state court thereafter made its order removing the cause to that division. So far as appears, the plaintiff did not put in an appearance in the state court in response to the notice of removal, and very evidently the attention of that court was not called to the fact that the division of the district to which removal was asked and granted was not the division embracing the county wherein the action had been commenced.

The plaintiff has now interposed the present motion, asking that the cause be remanded upon several grounds, but one of which I deem it necessary to notice, and that is that the cause was removable under the statute, if at all, to the Northern division of the district, and that hence the removal had has not clothed this court with jurisdiction to retain the cause. The contention of the plaintiff, briefly stated, is that the requirement of the clause of section 53 above quoted is mandatory and jurisdictional, and may not be ignored, and that the attempted removal to a division other than that thus prescribed is wholly ineffectual to divest the state court of its jurisdiction, or vest this court with power to do other than formally remand the cause.

The defendant, on the other hand, asserts in substance that the removal was proper and in strict pursuance of the provision of section 28 of the Code (Comp. St. § 1010), prescribing the character of causes removable, and section 29 (Comp. St. § 1011), providing the mode of removal; that those sections provide only for a removal "into the Dis-

trict Court of the United States for the proper district," and say nothing about divisions; that, when a cause is removed in compliance with those sections, the District Court acquires full and plenary jurisdiction of the same for all purposes, notwithstanding the provisions of section 53; that the latter is in no sense jurisdictional, but is merely modal and formal, and intended to regulate the venue or place of trial, rather than in any wise to circumscribe the jurisdiction of the court, which is one and the same tribunal, regardless of where it sits within the district; and that, having by the removal acquired jurisdiction of the cause, it is fully within the power of the court to transfer it to the Northern division, if deemed in the interest of justice so to do.

The contentions of neither side are supported by any authorities bearing at all directly on the question as to the purpose or effect of section 53; the provision being comparatively a new feature of the removal statute, and no case apparently having arisen calling for its construction. A number of cases are cited involving general questions of jurisdiction, as bearing some analogy to the question in a more or less remote way; but they afford little or no aid, and need not be discussed in detail.

[1] There is no doubt that as a general proposition a District Court of the United States has jurisdiction throughout and territorily coextensive with its district, and that a mere multiplication of places of holding court, or the creation of divisions, does not affect this, except to the extent that it may be expressly limited, nor that it is to be regarded as one and the same tribunal, whether sitting in one place or division or in another. Rosecrans v. United States, 165 U. S. 257, 17 Sup. Ct. 302, 41 L. Ed. 708. Nor is there any question that in the practical exercise and administration of that jurisdiction the court or judge may competently do in one division or at one seat things pertaining to the business in another, such as making orders, deciding motions, etc., and that it may for proper reasons transfer cases for trial and disposition from one division of the district to another. Dwyer v. United States, 170 Fed. 160, 95 C. C. A. 416; United States v. Kessel (D. C.) 63 Fed. 433; In re Hamrick (D. C.) 175 Fed. 279; Primos Chemical Co. v. Fulton Steel Corp. (D. C.) 254 Fed. 454; Clement v. United States, 149 Fed. 305, 79 C. C. A. 243. But it will readily be seen that these general principles do not meet our present necessities.

[2] May the plain, direct, and explicit requirement of this provision of section 53 be disregarded or ignored in pursuing the right of removal, and clothe the federal court with the same full and complete jurisdiction of the cause removed as if it had been complied with? The affirmation of this proposition is what the defendant really contends for. As stated in Rosecrans v. United States, supra:

"The creation of divisions and the multiplication of places of trial are for the convenience of litigants, bringing the trial nearer to them and their witnesses."

Quite obviously, the object in the mind of Congress in enacting the provision of section 53 under consideration was in harmony with the same purpose—for the benefit and convenience of litigants by avoid-

ing removal to a remote division, when a nearer was at hand. This purpose, as it seems to me, creates a strong analogy between this requirement and that contained in the Removal Act of 1887, as corrected by the Act of 1888 (25 Stat. c. 866, p. 433), and now found in section 51 of the Judicial Code (Comp. St. § 1033), providing that no civil suit may be brought in a federal court—

"against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Construing this provision of the Removal Act in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, where the action was by a citizen of Michigan against a citizen of Louisiana, commenced in a state court of Missouri and by the defendant removed, on the ground of diversity of citizenship, to the then Circuit Court of the United States for the proper district of Missouri, it was held, on an application for mandate to require the Circuit Court to remand the cause, that as the action was not one which could originally have been brought in the federal court, to which it was removed, the defendant could not, by reason of the limitations of the statute, confer jurisdiction on that court by removal proceedings, even with the acquiescence of the plaintiff; and the Circuit Court was directed to remand the cause.

In that case it will be observed the court proceeded on the theory that by proceeding in contravention of the statute the federal court was prevented from acquiring jurisdiction for any purpose as fully as if the cause was one not falling within the general jurisdiction of the court. This extreme doctrine was, however, modified in the later case of In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, where the purpose and effect of the provision of the statute was more elaborately discussed, and upon a review of the previous rulings of the court upon the subject it was held that, the cause being one falling within the general grant of jurisdiction conferred upon the Circuit Courts, the provision requiring that suit be brought "only in the district of the residence of either the plaintiff or the defendant" was, under repeated rulings of that court, to be regarded as a personal privilege of the parties, which might be waived, and the court said:

"The contention is that, as this action would not have been originally brought in the Circuit Court for the Eastern District of Missouri by reason of the last provision quoted from section 1, it cannot under section 2 be removed to that court, as the authorized removal is only of those cases of which by the prior section original jurisdiction is given to the United States Circuit Courts. But this ignores the distinction between the general description of the jurisdiction of the United States courts and the clause naming the particular district in which an action must be brought."

And it was held that the latter clause was not one affecting the general jurisdiction of the court, but was in the nature of a personal privilege in favor of a defendant, and which he, by failing to object, will be deemed to have waived. But it is distinctly recognized that if defendant in a timely manner interposes proper objection to being sued in

a wrong district, or in a case of removal promptly and timely moves to remand the cause for want of jurisdiction, such action will prevent the jurisdiction of the court from attaching, and the cause must be dismissed or a remand granted, as the case may be. See, also, Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Kreigh v. Westinghouse, etc., Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984.

I am of opinion that a like or analogous effect must be given to the provision here involved. It may be assumed, although not necessary to decide, that, had the plaintiff here acquiesced in the removal, as in Re Moore, and answered to the merits, the court, by reason of the case being one within its general cognizance, would have taken and acquired full jurisdiction to dispose of the controversy on its merits; but plaintiff has elected to stand upon his right by interposing his motion to remand, and that is his privilege. In principle the question is not unlike that presented in Goins v. Southern Pacific Co. (D. C.) 198 Fed. 432–435, arising out of the failure of the defendant to give the notice of removal proceedings now required by section 29 of the Code, where this court had occasion to say:

"The right of removal is purely statutory, and it has always been required that the statute be complied with in its substance. Can it be said that notice, prescribed as the initial step in the proceeding, is not of the substance? It matters not in such a case that the requirement be one not intended as jurisdictional in the extreme sense that it may not be waived. It has not here been waived, and must, I am satisfied, be considered as sufficiently of the substance that it may not be disregarded against objection. As I regard it, it is akin in its jurisdictional effect to the requirement of the statute involved in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, that 'suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' In analogy with the ruling made in the last case as to the effect of that requirement, if notice be waived, its lack will not prevent jurisdiction attaching; but if it be lacking, and the objection duly insisted upon, the court cannot ignore it and retain jurisdiction."

[3, 4] The failure of plaintiff to appear in the state court and interpose his objection there did not waive his rights in the premises. A motion to remand is the proper and usual method of testing the sufficiency and regularity of removal proceedings. Indeed, had plaintiff appeared in the state court in response to the notice of intended removal, that court would not have been bound to recognize him, since objections to the formality of removal proceedings are usually for the federal court. It is only where the lack of showing is so wanting in substantive merit as to clearly disclose on the face of the application that the order should not be granted that a state court is at liberty to deny it. Goins v. Southern Pacific Co., supra, and cases there cited.

These considerations require that the motion to remand be granted, and that will be the order.