## STEPHENS v. SOUTHERN PAC. CO. et al.

(District Court, N. D. California, N. D. October 20, 1926.)

No. 359.

1. Courts ⚖=374—Whether separable cause of action is shown depends on law of state where negligence occurred.

Whether complaint for negligent injury states a separable cause of action depends on law of state where negligence occurred.

2. Removal of causes ⚖=49(3)—Under California law, cause of action against railroad and alleged negligent servant is separable.

Under law of California, a railroad liable under doctrine of respondeat superior for negligence of its servant is not a joint tort-feasor as affecting right to removal on ground that complaint states a separable cause of action.

At Law. Action by Mary E. Stephens, administratrix of the estate of Thomas R. Stephens, otherwise known as Tom Stephens, deceased, against the Southern Pacific Company and another. On motion to remand after removal to federal court by named defendant. Motion denied.

Martin I. Welsh, of Sacramento, Cal., for plaintiff.

Devlin & Devlin and William H. Devlin, all of Sacramento, Cal., for defendant Southern Pac. Co.

KERRIGAN, District Judge. Plaintiff herein seeks to hold the Southern Pacific Company, a nonresident corporation, and one of its resident employees, for an act of negligence alleged to have been committed by the latter. The case has been removed to this court on the theory that a separable cause of action is stated against the corporation, and at the present time is before me on motion to remand; the plaintiff's contention being that the negligence charged is joint, and

hence that there is not diversity of citizenship.

[1, 2] Whether or not the complaint sets forth a joint or concurrent cause of action, depends on the law of the state of California, where the alleged negligence took place. Chicago, etc., Co. v. McWhirt, 243 U. S. 422, 425, 37 S. Ct. 392, 61 L. Ed. 826; Robbins v. Pennsylvania Co. (C. C. A. 6) 245 F. 435, 437, 157 C. C. A. 597, and cases cited; Rose on Federal Jurisdiction and Procedure (3d Ed.) § 421. As said in Chicago, etc., Co. v. Schwyhart, 227 U. S. 184, 193, 33 S. Ct. 250, 251 (57 L. Ed. 473): "The joint liability of the defendants under the declaration * * * is a matter of state law, and upon that we shall not attempt to go behind the decision of the highest court of the state before which the question could come."

It is enough to say that, if the Southern Pacific Company is liable, it is because of the relation of master and servant which existed between it and the defendant Dalton, and for no other reason. Robbins v. Pennsylvania Co., supra. But, under California law, "where the liability of one defendant is occasioned solely by the operation of law, *and where this defendant is not an active participant in the actionable negligence alleged in the complaint*, but is held under the doctrine of respondeat superior for the acts of its servants, such defendants are in no sense joint tort-feasors." Benson v. Southern Pacific Co., 177 Cal. 777, 779, 171 P. 948, 949; Fimple v. Southern Pacific Co., 38 Cal. App. 727, 728, 177 P. 871.

In Sessions v. Southern Pacific Co., 134 F. 313, 315, the Circuit Court of the Northern Division of California considered this question at length, and came to the conclusion rendered necessary by the above authorities. Without extended quotation of Judge Hunt's opinion in that case, I regard it as decisive of the present motion. Concurrent negligence is not made out in the complaint herein, and a separable cause of action is deducible therefrom.

The motion is denied.