## LA FLOWER et al. v. MERRILL et al.

District Court, N. D. California, N. D. May 28, 1928.

As Modified on Denial of Rehearing, November 12, 1928.

No. 444.

Hardin Barry and B. V. Curler, both of Susanville, Cal., for plaintiffs.

R. L. McWilliams, of San Francisco, Cal., for defendant Red River Lumber Co.

ST. SURE, District Judge.   Motion to remand an action for wrongful death by the widow and minor children of deceased against two employees and their foreign corporation employer.   Paraphrasing, the complaint alleges that the employer is a Minnesota corporation transacting business in California; that the employee defendants were hired and employed by the corporation to search out and discover the possession, manufacture, sale, or transportation of illicit liquor on or in the vicinity of the property of the employer, and to find out and discover any person or persons performing or suspected of performing any of the aforesaid acts, and were further employed to prevent the importation of alcoholic liquor into or upon the property of the employer, and the possession of liquor by or its sale to the tenants or employees of the employer; that the defendant employees, while so employed and engaged in performing such duties as servants, and within the scope of their employment, did, on or about the 22d day of April, 1927, upon the premises of their employer, willfully, recklessly, wantonly, and unlawfully shoot and kill the deceased, the husband and father of plaintiffs.   Their dependency upon deceased is alleged and damages prayed for in the sum of $50,000.

Plaintiffs and employee defendants are admittedly citizens and residents of California, and the defendant employer corporation is a citizen of Minnesota, authorized to and carrying on business in California.

Within the time to plead to the complaint as extended by stipulation and order of court, defendant corporation filed its pe-

tition and bond for removal in the state court, and gave the notice now required as part of the statutory procedure on removal. Plaintiffs object on remand that the petition and bond for removal were not filed in time, and, since they were filed within extensions, remand would be granted, were it not for the fact that plaintiffs must be deemed to have waived the point by giving extensions on which court orders were made after admission of service of notice of filing petition and bond for removal within the original time to plead. Williams v. Wilson Fruit Co. (D. C.) 222 F. 467, opinion by Dietrich, then District Judge of Idaho. On acceptance of the petition and bond by the state court a formal order was made, reciting that "this is a proper case for removal of the said action against defendant Red River Lumber Company, a corporation, to said District Court," on which the case came here.

The ground of the petition for removal is that, as between the corporation defendant and plaintiffs, the controversy is a separable one between citizens of different states, the amount involved being more than $3,000, exclusive of interest and costs; that it is a separable controversy is grounded on the statement "that there does not appear from the complaint herein any joint or concurrent negligence on the part of your petitioner and the other defendants, or either of them." In other words, because the basis of the employer's liability is that of respondeat superior, no negligence being personally charged to it concurring with the charged negligence of the servant defendants, the corporation is not jointly liable with them, and the controversy is separable and removable as to the foreign corporation, or, as argued by defendant here, the liability of the servants is primary, that of the employer secondary; they are liable under different theories; they are not joint tort-feasors."

The motion to remand has been duly and timely made here. There was no charge in the petition for removal, nor in opposition to the motion to remand, that the defendant servants were fraudulently joined to prevent removal, and the case stands as brought in good faith against all the defendants.

The two questions to be determined, then, are: "May the defendant employer corporation be jointly sued with two of its servants, when it is sought to make the corporation liable only by reason of the negligent acts of its said servants, and solely on the ground of the responsibility of a principal for the act of his servant, though not personally present or directing and not charged with any concurrent act of negligence?" and "is such a suit removable by the corporation as a separable controversy when the amount involved exceeds $3,000, exclusive of interest and costs, and the requisite diversity of citizenship exists between the said company and the plaintiff, the citizenship of the individual defendants sued with the company as joint tort-feasors being identical with that of the plaintiff?"

The questions thus asked here were (with the difference of the jurisdictional amount changed and the specific designation of the corporation and its servants omitted) exactly propounded to the Supreme Court of the United States by certificate from the Circuit Court of Appeals for the Sixth Circuit, and in January, 1906, answered as follows: "We answer the first question: That for the purpose of determining the right of removal the cause of action must be deemed to be joint. The views herein expressed lead to an answer to the second question in the negative." Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147.

At the time of these answers it had long been settled that where joint and concurrent negligence are alleged against master and servant in an action of which the state courts have jurisdiction, there could be no removal on the ground of separable controversy. The answers were made with full appreciation of the conflict theretofore existing between different circuits on the very question whether concurrent negligence was necessary to be charged to prevent removal, and whether, the master's liability being solely on the doctrine of respondeat superior for the negligence charged against the servant, the cause was separable and removable as to a foreign master. They also took full cognizance of the oft-repeated argument made here, that where the negligence of the servant alone is the basis of the liability of the master, the master and servant are not strictly joint tort-feasors as that term is generally defined.

The answers declared the rule, repeated in many forms throughout the opinion, that the action "for the purpose of determining the right of removal must be deemed to be joint"; "that it has been too frequently decided to be now questioned that the plaintiff may elect his own method of attack, and the case which he makes in his declaration, bill or complaint, that being the only pleading in the case, is to determine the separable character of the controversy for the purpose of deciding the right of removal," and it does not become a separable controversy under

786

the removal statute "even if the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly"; "that the state court may take a different view from the courts of the United States of the common law as to the character of such actions, and the right to prosecute them in form joint as well as several affords no ground of removal," and even, also, "if he has improperly joined causes of action he may fail in his suit."

It is recognized that the expressions "joint liability," "joint cause of action," "in form joint," and "joint remedy," are used of proper joinder of defendants in a single action, as shown by the language in Cincinnati & Texas Pac. Ry. Co. v. Bohon, 200 U. S. 221, 26 S. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152, opinion by Mr. Justice Day, who wrote that of Alabama Great Southern Ry. Co. v. Thompson, supra, though the instant case was for sufficiently charged concurrence of action:

"We have under consideration an action for tort which by the constitution and laws of the state, as interpreted by the highest court in the state, gives a joint remedy against master and servant to recover for negligent injuries. This court has repeatedly held * * * that the defendant has no right to say that an action shall be several which the plaintiff elects to make joint. * * * A state has an unquestionable right * * * to regulate actions for negligence and where it has provided that the plaintiff * * * may proceed jointly or severally against those liable for the injury, and the plaintiff * * * in good faith has filed a petition electing to sue for a joint recovery given by the laws of the state, we know of nothing in the federal removal statute which will convert such action into a separable controversy for the purpose of removal, because of the presence of a nonresident defendant therein properly joined in the action. * * * *"

See, also, on joinder of defendants in state court as bar to removal, where statute similar to that of California is involved, Kraus v. Chicago, B. & Q. R. Co. et al., 16 F.(2d) 79 (C. C. A. 8), and cases cited.

For an excellent discussion of joinder, joint actions, and that the conflict for the purpose of removal as a separable controversy has been finally settled by Alabama Great Southern Ry. v. Thompson, see Labatt's Master and Servant, vol. 7, pp. 7721 and 7722; note, 5 L. R. A. (N. S.) 49, at page 96; note to the case, 4 Ann. Cas. 1150 at 1151; Mechem on Agency, vol. 2, § 2011,

and note 85; United States Code Annotated, title 28, § 71, note 413, and the same, note 441, at pp. 252, 253; Painter v. Chicago B. & Q. R. Co. (C. C.) 177 F. 517, at pages 519 and 520.

That joinder of defendants is proper under reformed procedure abolishing distinctions between forms of action, see Labatt's Master and Servant, vol. 7, pp. 7724–7728; 18 Ruling Case Law, p. 780; 39 Corpus Juris, p. 1314; note, 28 L. R. A. 433, at pages 441, 442; Bradley v. Rosenthal, 154 Cal. 420, at page 423,[1] recognizing the customary accepted rule "both may be joined in a single action"; 16 Cal. Jur. p. 1111, § 68; Fimple v. Southern Pacific Co., 38 Cal. App. 727, 177 P. 871 (death case). Benson v. Southern Pacific Co., 177 Cal. 777, 171 P. 948, does not question the joinder as proper; the decision was on appeal on the merits after such joinder unassailed and verdict of a jury. The opinion, it is true, states that the master and servant (on the doctrine of respondeat superior) are in no sense joint tort-feasors: However, that is not to say that the company and its employee were not liable to a joint action for the employee's negligence.

The cases reviewed in Fimple v. Southern Pacific Co., supra, from Illinois, New York, Maine, Washington, United States, and California, recognize the right of joinder where respondeat superior is the base of the master's liability. See, also, Johnson v. Monson, 183 Cal. 149, 190 P. 635 (assault by servant), to the same effect, with discussion of liabilities of master and servant under California law.

If the argument be that causes of action are not properly joined, the answers in Alabama Great Southern v. Thompson still apply. But one answer here is that there is but a single entire cause of action, viz. "the wrongful acts of defendants in causing the death of plaintiff's intestate; and this right of action exists by virtue of the statutes which authorize suit in such cases. * * * It is a single right of action, and is not rendered double by reason of the fact that it has its origin in the separate negligent acts of defendants." Mayberry v. Northern Pacific R. Co., 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675, 10 Ann. Cas. 754. See, also, as to joinder of master and servant, Hall v. Susskind, 109 Cal. 203, at page 209, 41 P. 1012. And if there can be said to be separate causes of action, then (Mayberry Case, supra) "it would seem * * * that § 4154, Rev. Laws 1905, disposes of the question [misjoinder of causes] adversely to ap-

[1] 97 P. 875, 129 Am. St. Rep. 171.

---

pellants' contention, considered from the standpoint of separate causes of action, and not mere joinder of parties defendant. That statute provides that two or more causes of action may be united in one pleading when they arise out of the same transaction or transactions, affect all the parties to the action, and do not require separate places of trial. This authorizes the joinder of separate causes of action when the conditions named in the statute exist, and it is not important that the defendants named are not all affected alike. * * * That causes of action in tort are included within the meaning of this statute is quite obvious." 100 Minn. 83, 110 N. W. 358.

Section 427, Code of Civil Procedure of California, provides in almost the exact language of the Minnesota statute: "The plaintiff may unite several causes of action in the same complaint where they arise out of: * * * 8. Claims arising out of the same transaction or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this same section. "The causes so united must all belong to only one of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated."

That the converse is true, or that separate actions may be maintained at plaintiff's option, where he might have joined, see Realty, etc., Mtg. Co. v. Superior Court, 165 Cal. 543, at page 546, 132 P. 1048 (several causes of action under another section 427, Code Civ. Proc.).

This is an action for death, and in addition to the general rule permitting joinder in negligence cases, explicit authority for the joinder (without regard to concurrence of action) is contained in section 377, Code of Civil Procedure of California, as follows:

"When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. * * * *"

The distinction between forms of action has been abolished by section 307, Code of Civil Procedure, and the "reformed procedure" obtains in California.

Section 2330, Civil Code, lays down the universal rule as to the liability of an agent and his principal; section 2338, Civil Code, the exception where the master is required by law to employ a particular agent, and section 2339 confines the liability to that announced in section 2338. For a discussion of these sections see Johnson v. Monson, 183 Cal. 149, 190 P. 635. Section 2343 recognizes the elementary rule that every one is liable for his torts, and an agent or servant no exception merely because such, in the language that he is responsible as a principal to third persons for the acts done in the course of his agency—" * * * 3. When his acts are wrongful in their nature." Section 1990, Civil Code, preserves the right of contribution or indemnity (not available under the strict rule of joint tort-feasors) against the servant by the master for the damage thereby caused to the latter for the servant's culpable negligence.

Removal is a federal question under a federal statute, and "a motion to remand is the proper and usual method of testing the sufficiency and regularity of removal proceedings." Gopcevic v. California Packing Corporation (District Court, Northern District of California) 272 F. 994 at page 998. "It is only where the lack of showing is so wanting in substantive merit as to clearly disclose on the face of the application that the order should not be granted that a state court is at liberty to deny it." Id. "Under those provisions [removal statutes], in the absence of any requirement of notice [now required], the proceeding in the state court was treated as purely ex parte, and the functions of the state court were regarded as largely formal and perfunctory." Goins v. Southern Pacific Company (District Court, Northern District of California) 198 F. 432, 433. See, also, as to order in state court as formal, Williams v. New York, P. & N. R. Co. (C. C. A. 4) 11 F.(2d) 363, 45 A. L. R. 437, at page 442. "The question involved is obviously such as to give rise to a substantial doubt as to the right to retain this cause, and the established rule in such instances is that the doubt must be resolved against the jurisdiction here, which is purely the creation of the statute, and in favor of the state court as to whose jurisdiction no question can arise." Goins v. Southern Pacific Co., supra, page 436.

I have examined all of the United States cases citing Alabama Great Southern Railway Co. v. Thompson, and find them distinguishable, either because a fraudulent joinder issue is present or it was held that joint or concurrent negligence was alleged; the rule long settled preventing removal for that reason.

The cases in Henderlong v. Standard Oil Co. of California (D. C.) 17 F.(2d) 184, are

of one of these categories, the theory of the entire decision on removal by a state judge (adopted on refusing remand in the District Court) being that a specific charge of concurrent or joint negligence is necessary to retention of the case in the state court against a petition for removal.

The cases cited in Stephens v. Southern Pacific Co. (D. C.) 16 F.(2d) 288, have been treated herein, except that of Sessions v. Southern Pacific Co. (Circuit Court, Northern District of California) 134 F. 313, decided in December, 1904. The Alabama Great Southern Ry. v. Thompson Case was decided January 2, 1906, and is controlling and overruling.

From the foregoing it is evident to me that:

1. The joinder of defendants is proper.

2. The joinder of causes of action (if more than one) is proper.

3. The state court had jurisdiction of the subject-matter and parties.

4. The statutes and law of the state, as construed by its highest court, authorizes either such joinder.

5. That plaintiffs have elected to pursue a joint remedy against defendants under state practice.

6. That removal is a federal question determinable on motion to remand in the federal court.

7. That the highest federal court has ruled that such an action is, "for purposes of removal," joint, and presents no separable controversy. Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147), overruling lower federal court decisions before that.

8. That this ruling has not been rescinded or modified, and is therefore controlling on lower federal court decisions subsequent.

The motion to remand is granted.

I am authorized by Judge KERRIGAN to say that he concurs in the foregoing opinion.