**WALLACE et al. v. BORDEN CO. OF CALIFORNIA, Limited, et al.**

No. 19548–S.

District Court, N. D. California, S. D.

Feb. 16, 1934.

Sullivan, Roche, Johnson & Barry, of San Francisco, Cal., for plaintiffs.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendant The Borden Co. of California, Limited.

ST. SURE, District Judge.

Plaintiffs sued defendants in the state court for damages for personal injuries. In compliance with the provisions of the removal statutes (sections 71 and 72, title 28 USCA), defendant The Borden Company of California, Limited, a foreign corporation, hereinafter called the defendant company, filed in the state court its petition and bond for removal of the case, asserting that the complaint contains a separable controversy as to it. The state court denied the petition for removal, and thereafter the defendant company made timely filing here of a certified copy of the record, together with a petition for stay of proceedings in the state court on the ground that the cause stands removed to this court.

The crucial question is whether or not the complaint contains a separable controversy. The complaint, paragraph III, alleges: "At all of the times herein mentioned, said defendant, The Borden Company of California, Ltd., a corporation, was, it ever since has been and still is engaged in the manufacture and sale of dairy products in said County of Alameda and elsewhere in said State of California, and in connection with the carrying on of said business, it owned, maintained, ran and operated and still owns, maintains, runs and operates certain automobile trucks over and along the streets, roads and highways of said Alameda County and elsewhere in said State of California."

And paragraph IV of the complaint alleges: "At all of the times herein mentioned,

said defendant, The Borden Company of California, Ltd., a corporation, in the further carrying on of its said business, employed and still employs said defendant, Tony Vargas, as a driver of one of its said automobile trucks."

And paragraph VI of the complaint alleges: "On said 7th day of September, 1932, said defendants were running and operating a certain automobile truck owned and maintained by said defendant, The Borden Company of California, Ltd., a corporation. * * * "

And paragraph VII of the complaint alleges: "On said 7th day of September, 1932, * * * said defendants so ran and operated said automobile truck so owned and maintained by said defendant, The Borden Company of California, Ltd., a corporation, * * * as to cause the same to run into and against said passenger automobile in which said plaintiffs were then and there riding, * * * inflicting upon said plaintiff, Edith C. Wallace, severe personal injuries. * * * "

Defendant company contends that the complaint states two independent and distinct controversies, and says in its brief that: "The only thing common to the two controversies is that the plaintiffs' injuries were caused by the negligent operation of the vehicle. The question of whether the defendant, The Borden Company of California, Ltd., is liable for this negligent injury depends in each case upon entirely distinct facts and grounds."

Attention is called to opinions of Judge Kerrigan in Scheer v. Southern Pacific Company et al., No. 19149-K, U. S. D. C. N. D. Calif., and Faulstich v. Southern Pacific Company et al., No. 18114-K, U. S. D. C. N. D. Calif., as supporting this contention. An examination of the records in the cases cited shows that there is an essential difference between them and the instant case as far as existence of a separable controversy is concerned. In the Scheer Case, there were independent acts of negligence by the nonresident corporation defendant, the employer. The complaint charged all the defendants with the negligent operation of the train, and in addition charged the defendant railroad company with the negligent maintenance of the crossing, in which the resident defendants had no concern. In the Scheer Case, Judge Kerrigan, in referring to the complaint, said: "If it is clearly and expressly alleged that the several acts of negligence were jointly and concurrently the proximate cause of the injury, no separable controversy exists. In

the case before me it is not clearly alleged that the acts of negligence charged operated jointly and concurrently to produce the injury complained of. The defendant railroad company has the right to remove, in view of the fact that acts of negligence are charged in which it alone took part, and which are not plainly charged to have been concurrent causes of the injury, although they may have contributed thereto."

In the Faulstich Case the complaint alleged, in addition to the charges of joint negligence in the operation of the train, that the defendant company was negligent in maintaining a warehouse and a siding on which its cars were left standing, obstructing the view of the crossing. The defendant company was also charged with negligence in failing to maintain a wigwag signal, or other means of warning at the crossing. In his opinion, Judge Kerrigan adopted the reasoning of the Scheer Case.

In the complaint now under consideration, there is but one act of negligence charged, that of the driver, which may be imputed to the defendant company. There is no act of negligence charged as to which there is a separate liability on the part of the defendant company. The complaint is based upon two legal theories, one by virtue of the agency relationship and the other under the provisions of section 1714¼ of the California Civil Code. This section provides that every owner of a motor vehicle shall be liable for the injury of a person from the operation of a motor vehicle by any person using or operating it with the permission, express or implied, of such owner, provided the liability of the owner for such imputed negligence imposed by this section and not arising from the relationship of principal and agent, or master and servant, shall be limited to $5,000 for the death or injury of a person, and $1,000 for property damage. To recover under the agency theory, or under section 1714¼, proof of the negligence of the driver is equally necessary.

This court has held in La Flower v. Merrill, 28 F.(2d) 784, that, where the state law authorizes the joinder in a single cause of action of the principal and the agent, and they are so joined, the cause of action is deemed to be joint. Section 1714¼ of the Civil Code provides that the owner may be held only in the event the driver is joined and served, if within the jurisdiction. It would seem that the rule of La Flower v. Merrill should apply to the relationship here shown, as the allegations of the complaint (under

section 1714¼) merely add an alternative basis of imputing the negligence of the driver to the employer-owner. We do not think that the fact that different proof of the two theories may be required creates a separable controversy as to the defendant company.

The petition for stay of proceedings ·in the state court will be denied.

I am authorized by Judge KERRIGAN to say that he concurs in the foregoing opinion.