### MORRIS et ux. v. ATCHISON, T. & S. F. RY. CO. et al.

#### No. 68 Civil.

District Court, S. D. California, N. D.

Oct. 8, 1940.

Martin C. Thuesen and Harold V. Thompson, both of Fresno, Cal., for plaintiffs.

Robert Brennan, Leo E. Sievert, and H. K. Lockwood, all of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The defendant, a non-resident railway corporation, was sued with two of its resident employees in the Superior Court of the State of California, County of Fresno, for negligence which resulted in the death of the minor son of the plaintiffs. On petition, the State Court removed the case to this Court. The plaintiffs have moved to remand.

In the past when the only act charged against the resident employee was that performed by him in the course of his employment and in the performance of the duty owed by the employer to the plaintiff, courts have held that the doctrine of respondeat superior which made the employer liable for the act of the employee created a separable controversy for which removal could be had. Stephens v. Southern Pacific, D.C.Cal.1926, 16 F.2d 288; Dobie on Federal Procedure, p. 379. But the later cases have questioned the doctrine. Alabama Great Southern Ry. Co. v. Thompson, 1906, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Earnhart v. Turman Oil Co., D.C.Okl.1938, 23 F. Supp. 324; and see opinion of District Judge A. F. St.Sure in La Flower v. Merrill, D.C.Cal.1928, 28 F.2d 784. In Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 349, 83 L.Ed. 334, which was on appeal from my own judgment, the Supreme Court held definitely that, under the circumstances disclosed by the complaint here, no separable liability is involved. The Court said: "Where, in the absence of clear proof of bad faith in the joinder, concurrent acts of negligence on the part of the defendants sued as joint tort-feasors are sufficiently alleged, a separable controversy is not presented and the fact that the defendants might have been sued separately affords no ground for removal. This rule is applied *where a nonresident employer and its resident employee, whose negligence caused the injury, are sued jointly.* Chesapeake & Ohio Ry. Co. v. Dixon, 179 U.S. 131, 139, 21 S.Ct. 67, 70, 45 L.Ed. 121; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 212, 213, 220, 26 S.Ct. 161, 162, 165, 50 L.Ed. 441, 4 Ann.

Cas. 1147; Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U.S. 102, 111–113, 33 S.Ct. 684, 685, 686, 57 L.Ed. 1090; Hay v. May Company, 271 U.S. 318, 321, 322, 46 S.Ct. 498, 499, 70 L.Ed. 965; Watson v. Chevrolet Motor Co., 8 Cir., 68 F.2d 686, 689; Harrelson v. Missouri Pacific Transportation Co., 8 Cir., 87 F.2d 176, 177." (Italics added.)

The negligence charged in that case was different from that charged here. It involved the failure of the railroad company and the Pullman Company to protect a passenger on a train against an attack by a fellow passenger.

Nevertheless, the Court, in determining the sole issue which it chose to determine—the validity of my order denying a motion to remand—was required to discuss negligence in its relation to separability as between employer and employees.

So doing, it said unequivocally that an action for negligence, joining the employer and the employee, whose act constituted the negligence, *does not* involve a separable controversy. The Court referred to Alabama Great Southern Ry. Co. v. Thompson, 1906, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147, and other cases decided by it and some of the Circuit Courts of Appeal since as supporting this rule. And see: Bunker Hill & Sullivan Mining, etc., Co. v. Polak, 9 Cir., 1925, 7 F.2d 583.

Commentators on the subject speak of that case as the point of departure from the older cases. See Note to same, at 4 Ann.Cas. 1151.

Counsel urges us to disregard the language quoted from Pullman v. Jenkins, supra, as not necessary to the decision, and as dealing with a matter not actually involved in the appeal. The statement cannot, strictly speaking, be considered obiter. Whether the problem was brought before the court by the parties in the litigation or whether the court felt it necessary to express its views on the subject is unimportant. The elaborate treatment which it received at the hands of the Court, in a case which did not present any extraordinary features, and the vigorous concurring opinion of Mr. Justice Black, indicate that the Court felt that the occasion demanded a full treatment of the problem of separability in negligence cases. And even if the language be dictum, it being so explicit and so recent, it should command the adherence of a lower court.

The motion to remand will, therefore, be granted and the cause will be remanded to the Superior Court of California for the County of Fresno.