## BORDEN CO. v. ZUMWALT.
### No. 9741.

Circuit Court of Appeals, Ninth Circuit.

May 27, 1941.

Sumner Mering, of Sacramento, Cal., and Pillsbury, Madison & Sutro and Norbert Korte, all of San Francisco, Cal., for appellant.

Lowell L. Sparks, of Auburn, Cal., and Wallace Shepard, of Sacramento, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee Zumwalt began an action in the superior court of the state of California for the county of Placer against Borden's Capital Dairy Company and Frank Emmons to recover damages for personal injuries allegedly suffered as a consequence of the negligence of the defendants in the operation of a certain truck and trailer. Zumwalt and Emmons are citizens of California.

Thereafter The Borden Company, a New Jersey corporation said to have been sued as Borden's Capital Dairy Company, took the necessary steps to procure the removal of the cause to the federal court for the Northern District of California, alleging that as to it the complaint involves a separable controversy within the terms of § 28 of the Judicial Code, 28 U.S.C.A. § 71. The state court denied the petition for removal. The Borden Company then made timely filing in the federal court of a certified transcript of the record and petitioned for a stay of the proceedings in the state court. Having considered the petition, the court below denied the same "on the authority of Wallace et al. v. Borden Co. et al., D.C., 7 F.Supp. 128." [1] It

---

[1] The case cited was a decision by Judge St. Sure of the same court, holding, on analogous facts, that there was no separable controversy.

is conceded, and an examination of the cited cases shows, that the petition for a stay was denied on the sole ground that there was no separable controversy within the terms of the removal statute. The appeal is from this order. The single question presented is whether a separable controversy is involved, appellant affirming that proposition and appellee denying it.

While there was no motion to remand and the order does not in terms direct a remand, the action taken by the trial court amounted to a refusal to entertain the cause on jurisdictional grounds. In essence, the order is a finding, implied if not express, that the cause had been improperly removed. The state court having previously denied the petition for removal, it appears to have been assumed that a formal remand was unnecessary.

A reversal of the decision would be tantamount to our ordering the trial court to assume jurisdiction of the case as one involving a separable controversy between citizens of different states. In this posture of affairs we inquire into our own jurisdiction to make such an order. Section 28 of the Judicial Code provides in part:[2] "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

It was said in Gay v. Ruff, 292 U.S. 25, 29, 54 S.Ct. 608, 610, 78 L.Ed. 1099, 92 A.L.R. 970, that "this provision, enacted in 1887, was broadly construed by this Court as prohibiting review of an order of remand, directly or indirectly, by any proceeding." The earliest of the cases referred to in Gay v. Ruff is Ex parte Pennsylvania Co., 137 U.S. 451, 11 S.Ct. 141, 142, 34 L.Ed. 738, decided in 1890. There the court was applied to for a mandamus to be directed to the judges of a circuit court of the United States commanding them to reinstate, take jurisdiction of, and try a certain suit by a citizen of Connecti-cut against the Pennsylvania Co. After observing that it is well settled that the court has general power to issue a writ of mandamus to an inferior court commanding it to take jurisdiction of a cause when it refuses to do so, the court turned to this provision of the Code and said: "We think, it was the intention of congress to make the judgment of circuit courts remanding a cause to the state court final and conclusive. The general object of the act is to contract the jurisdiction of the federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words, 'such remand shall be immediately carried into execution,' in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error."

In the subsequent cases where the point was variously presented the Supreme Court has consistently adhered to this broad construction of the statute. Consult Gay v. Ruff, supra, and cases cited; Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. It is said that Gay v. Ruff, supra, is a departure from the rule. We do not so understand. There the District Court had denied a motion to remand and had thereafter dismissed the suit, entering a final judgment for want of prosecution. The Circuit Court of Appeals reversed the judgment with direction to set aside the dismissal and remand the cause to the state court. By reason of the extensive power which had been given it to issue writs of certiorari to the Circuit Courts of Appeals, the court held that it may now review the action of those courts in directing the remand of a

---

[2] The provision is contained in Sec. 2 of what has been termed "the act of 1887–1888." Act of March 3, 1887, Ch. 373, 24 Stat. 552; Act of August 13, 1888, Ch. 866, 25 Stat. 433. See Cochran v. Montgomery County, 199 U.S. 260, 26 S.Ct. 58, 50 L.Ed. 182, 4 Ann.Cas. 451.

cause to the state court.[3] It should be noted, however, that there is nothing in the removal statute in terms prohibiting review in such situations. The prohibition of the statute is directed expressly toward a review of the remanding decision of the District Court in the first instance. It is the decision of that court which the statute makes final and conclusive. Travelers' Protective Ass'n v. Smith, 4 Cir., 71 F.2d 511.[4] That such is the view of the Supreme Court is evidenced by the statement in a footnote to the opinion in Employers Reinsurance Corp. v. Bryant, supra, 299 U.S. at page 379, 57 S.Ct. at page 276, 81 L.Ed. 289, where it is said that "the general rule as stated above is limited to remanding orders made by the District (formerly Circuit) Courts."

The concrete problem before us is whether the order is appealable under § 129 of the Judicial Code, 28 U.S.C.A. § 227, as being an interlocutory order or decree refusing to grant an injunction. On this point the case seems to be one of first impression. However, the question in its obverse aspect has been before the courts a number of times.

In Young v. Southern Pacific Co., 2 Cir., 15 F.2d 280, 281, the defendant had taken steps to procure a removal and had then applied for an order enjoining the plaintiffs from further prosecuting the suit in the New York court where it had originally been brought. The injunction was granted and plaintiffs appealed under § 129. There had been no motion to remand. The appellate court recognized that, because of lack of finality in the order, there can be no appeal from an order refusing remand, and that the appeal was an indirect way of attacking the refusal. Somewhat doubtfully the court entertained the appeal, Judge Hough, who wrote the opinion, saying in respect of the provisions of § 129 of the Code that "quite probably this particular kind of appeal was not foreseen, but it is in terms covered, and we think the statute controls."

In a later decision of the same court, Cray, McFawn & Co. v. Hegarty, Conroy & Co., 85 F.2d 516, 518, a situation was presented identical with the first, except that a motion to remand had been made and denied. After reviewing the authorities at some length the court decided to adhere to its holding in Young v. Southern Pacific Co., supra. In the course of the discussion it was noted that under § 28 there can be no appeal from an order remanding a case to a state court. "But", said the court, "there is no similar provision relating to appeals from refusals to remand and no declared policy against a review of such refusals. Only the fact that the denial of the motion to remand was interlocutory prevented a direct appeal from that order, and we can see no reason why a consideration of its validity should not be had on an appeal from the order enjoining action in the state court. * * * Indeed, we regard a determination by an appellate court of the validity of an order of removal on an appeal from an injunctive order as most advantageous in preventing the expense and waste which would ensue should the order denying the motion to remand prove to have been erroneous."

This holding has been followed by the Court of Appeals of the Eighth Circuit in Morgan v. Kroger Grocery & Baking Co., 96 F.2d 470.

The reasoning of these decisions may well be accepted as applied to the situations which they present. There is, as observed in Cray, McFawn & Co. v. Hegarty, Conroy & Co., supra, no policy hostile to appeals from orders refusing to remand, and doubtless much is to be said in favor of reviewing such orders in an interlocutory way since they are ultimately reviewable in any event. But where the injunction has been denied on the ground that the cause is not removable the policy of the law is a barrier to review. It is not a sufficient answer to say that if the one injunctive order is appealable under § 129 the other must be also. Different considerations govern. Had the court here formally ordered a remand as well as denied the stay we believe nobody would contend that

---

[3] There had been an earlier holding to the contrary in German National Bank v. Speckert, 181 U.S. 405, 21 S.Ct. 688, 45 L.Ed. 926.

[4] In that case, in an opinion by Judge Parker, the Court of Appeals of the Fourth Circuit held that review of a remanding order by mandamus is proper where the order had been based purely on procedural grounds without a finding, express or implied, of improper removal. This holding has been followed, and perhaps unduly extended, in the Third Circuit in Bankers Securities Corp. v. Ins. Equities Corp., 85 F.2d 856, 859, 108 A.L.R. 960.

the latter order would be appealable; for if it were appealed and reversed an obvious impasse would ensue.

Without doubt it was the purpose of Congress summarily to end the controversy in respect of the right of removal once the District Court has decided—at least on other than purely procedural grounds—that the cause has been improperly removed. It is unimportant whether the decision be cast in the form of an order to remand or in the form of an order declining to stay further proceedings elsewhere. It is essential only that there be a decision, express or implied, of improper removal. There is no reason to suppose that in making interlocutory injunctive orders appealable Congress intended to limit the scope of the earlier prohibition. It is rather an understatement to say, as Judge Hough remarked in Young v. Southern Pacific Co., supra, that "quite probably this particular kind of appeal was not foreseen."

The appeal is dismissed.