## VAN TROOP *v.* DEW.

### Opinion delivered November 28, 1921.

1. ACTION—MISJOINDER—PREJUDICE.—It was not prejudicial error to join several causes of action having sufficient identity to justify consolidation under Crawford & Moses' Digest, § 1081.

2. TORTS—JOINT AND SEVERAL LIABILITY.—Separate and distinct tortious acts resulting in separate and distinct injuries, even to the same subject-matter, do not create joint liability on the part of the tort-feasors.

3. TORTS—JOINT AND SEVERAL LIABILITY.—Joint liability for separate acts of negligence exists where there is a common design or purpose or concert of action in the commission of the separate acts, or where such separate acts of negligence are concurrent as to time and place and unite in setting in operation a single force which produces the injury.

4. TORTS—JOINT AND SEVERAL LIABILITY.—Where several defendants working to a common purpose in the construction of a road opened and used gaps in plaintiff's fences, and negligently let in cattle which destroyed plaintiff's crops, defendants are jointly liable.

5. HIGHWAYS—CONSTRUCTION—INJURY TO CROPS—INSTRUCTION.—In an action against a defendant who was employed to dig a ditch along a road which was being constructed through plaintiff's fields, an instruction that defendant was not liable for any damage except such as might have been suffered from the dep-

redation of cattle which entered through the fence on the ditch was properly modified to make defendant liable for depredations through gates or gaps negligently left open by defendant.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; affirmed.

*Coleman, Robinson & House,* for appellants.

There is no proof of a unity of interest, common design, purpose, or concert of action between the defendants held jointly liable in this case, and the verdict is contrary to the law and the evidence.

The instructions were conflicting, those given on behalf of plaintiffs holding that the defendants were liable jointly, and those given for defendants holding that each defendant was liable only for damages occurring from gaps which he individually made in the fences. The plaintiffs' instructions took the question of individual liability from the jury, which was error. 38 Cyc. 491.

There being no connection between the various defendants and no concert of action, the liability is several only. 38 Cyc. 484-5; 78 S. W. 92 and cases cited; 24 L. R. A. (N. S.) p. 1185.

The evidence shows that Troop only made one gap in the fence, which he closed in a few days, whereas some of the other defendants made various gaps in the fences and made no effort to repair or guard them. By the verdict of the jury Troop is held liable for the greater damage done by the other defendants, when as a matter of fact any damage done through his negligence could have been but slight. The judgment should be reversed and dismissed as to Troop and Maddox and reversed and remanded as to Van Orden-Winans Construction Co.

*Compere & Compere,* for appellees.

It was a question for the jury to decide whether or not appellants were liable jointly, and they have so found.

The concurring negligence of two parties makes both liable to a third party injured, if the injury would not have occurred from the negligence of one of them only. 61 Ark. 381; 62 Ark. 118; 73 Ark. 112.

Where separate and independent acts of negligence of two parties are the direct causes of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, although his act alone might not have caused the entire injury. 26 R. C. L. 764, and 767; 77 Neb. 351, 109 N. W. 367; 25 Ohio St. 255; 18 Am. Rep. 298; 207 S. W. 724; 190 S. W. 612; 41 Mo. 484; 97 Am. Dec. 283; 185 S. W. 170; 38 Cyc. 1159; note to 73 Am. Dec. 134-137. See also 15 Ark. 452; 29 Cyc. 487-8; and 64 N. Y. 138.

McCulloch, C. J. W. E. Dew, one of the appellees, held a lease for the year 1920 and other years on a farm in Ashley County through which the Wilmot Road Improvement District constructed a public road. The other appellees were his sub-tenants, all of whom separately cultivated and produced crops of corn and cotton. There were about 300 acres in cultivation on the farm, enclosed by a 4-wire fence around the entire premises, there being no intersecting or cross fences. The construction of the road was begun in October of that year, and it occupied a right-of-way 60 feet wide through this farm. The Oliver Construction Company, one of the defendants in this action, entered into a contract with the road improvement district to construct the road and made sub-contracts with the other defendants. Appellant Van Troop took the contract for the grading and ditching, and appellant Maddox was his foreman. Appellant Van Orden-Winans Construction Company (a corporation) took the contract for what is termed the gravel work in the construction of culverts or bridges, and some of this work was sublet to L. L. Winans, one of the defendants. It is alleged somewhere in the pleadings that E. O. McDermott and R. L. McDuffie took the contract for removing fences. The farm occupied by appellees was entered for the purpose of constructing the road, the fence was broken, and, as is alleged in the complaint, it was not replaced for a considerable time, and cattle

were permitted to enter at will and to destroy the crops. This is an action at law instituted by appellees against all of said parties jointly to recover damages resulting from the destruction of the crops by the depredation of cattle. Each of the appellees claimed separate damages for the destruction of their respective crops. After the testimony had been introduced, the court gave peremptory instruction in favor of the Oliver Construction Company, the principal contractor, and Tipton, its foreman, and also in favor of McDermott and McDuffie and L. L. Winans. The issues were submitted to the jury concerning the liability of Van Troop, Maddox and the Van Orden-Winans Construction Company, and the jury returned a verdict against each of these appellants jointly, assessing damages separately in favor of each of the appellees, aggregating the sum of $1,700, total damages.

No question has been raised as to the right of appellees to join in a suit each to recover compensation for his separate injury, and, it being conceded that, since there is sufficient identity in the causes of action to justify consolidation under our statute, there was no prejudice in joining the action originally, instead of instituting separate actions and then consolidating them. *Mahoney* v. *Roberts,* 86 Ark. 130.

It is, however, very earnestly insisted that the facts of this case, as disclosed by the evidence adduced, do not constitute joint liability on the part of appellants, if indeed it establishes liability at all, and that the court erred in submitting the case to the jury on instruction permitting recovery as on joint liability.

Of course, it must be conceded, as too clear for argument, that separate and distinct tortious acts resulting in separate and distinct injuries, even to the same subject-matter, do not create joint liability on the part of the tort-feasors. There seems to be a considerable contrariety of opinion among the authorities on the question whether separate and distinct acts of negligence committed by different persons, which unite

and culminate in injurious results, constitute joint liability of the different persons committing the separate tort, so as to make each responsible for the entire result. There are numerous authorities on both sides of this question. 26 R. C. L. 763-764; 29 Cyc. 484-488; *Day* v. *Louisville Coal & Coke Co.,* (60 W. Va. 27) 10 L. R. A. (N. S.) 167; *Gibboney Sand Bar Co.* v. *Pulaski Anthracite Coal Co.* (Va.) 24 L. R. A. (N. S.) 1185; *Swain* v. *Tennessee Copper Co.,* 111 Tenn. 430. It is clear, however, that joint liability exists for separate acts of negligence where there is a common design or purpose or concert of action in the commission of the separate acts, or where such separate acts of negligence are concurrent as to time and place and which unite in setting in operation a single force which produces the injury. See the same authorities cited above.

The testimony was sufficient to bring this case within the rule last stated and to warrant the submission of the issue to the jury.

Viewing the testimony in the light most favorable to appellees, it shows that the fences were broken on or about October 18, 1920, and on subsequent days at different places, and were not replaced for a considerable length of time; that appellant Van Troop and his foreman caused the removal of the fence at least at one of the places, and that appellant Van Orden-Winans Construction Company caused the fence to be removed at other places; and that Van Troop, who was engaged in doing the ditching and grading, and the Van Orden-Winans Construction Company, which was doing the work of constructing culverts, used the openings for a considerable length of time in hauling and removing teams and other equipment back and forth without guarding the gaps or putting up the fences. The proof further shows that cattle were permitted to pass through these openings at night, and that the crops of appellees were destroyed.

There was a conflict in the testimony, and some of the witnesses testified with reference to a map or plat

showing the different gaps and the locations thereof, and this map is not in the record, hence we are unable to follow the testimony as accurately as could be done with the map before us. But there is, as before stated, testimony sufficient to show that each of the parties made gaps in the fence, which were not replaced for a considerable length of time, and that both of the parties used these gaps without restoring the fence or protecting the field from the depredation of cattle. Each of these parties was working to a common purpose, that is to say, the construction of the road, and each used the open gaps while being under obligation to repair them so as to prevent injury to the farmers who had crops inside of the enclosure.

The case, therefore, comes not only within the rule of joint liability where there is concert of action, but also within the other rule stated above, that there is joint liability where the different acts of negligence concur as to time and place and unite in setting in operation the force which causes the injury. In other words, they used the open gaps for the same purposes and at the same time, each being under duty to repair the gaps, and the conduct of each resulted in admission into the field of large numbers of cattle. It cannot be said that the entrance of the cattle was the result of the separate acts of either, but it was rather the result of the act of both of the parties in failing to repair the gaps so as to keep the cattle out.

It is next contended that the court erred in its instructions on this subject, and that the instructions were conflicting. The first instruction given at the instance of appellees told the jury that if "the defendants, or any of them, did negligently and carelessly permit cattle and other stock to enter said field, as alleged, and that plaintiffs did have therein crops of corn and cotton, and that said crops of corn and cotton * * * were damaged by said cattle and other stock, and that the entry of said stock and damage to the said crops * * * were the result of the carelessness and

negligence of defendants, or some of them, then your verdict should be for the plaintiffs, against such of the defendants as, by their negligent acts, if any, caused the damage to the said crops   *   *   *.''

Other instructions given at the instance of the plaintiff told the jury that if the ''defendants, or any of them, or their employees have failed to observe, for the protection of the interests of the plaintiffs, that degree of care, precaution and vigilance one of ordinary prudence would have used under the circumstances of this case, and that thereby the plaintiffs have suffered injury, then *such* defendants are guilty of negligence, and your verdict should be for the plaintiffs.''

Other instructions given at the instance of appellants told the jury that each of them would only be liable for damage, if any, caused by stock which entered the field through openings caused by such appellants respectively. These instructions separately told the jury that appellant Maddox was not liable for any damage except such as was caused by stock which entered the field through openings caused by Maddox himself; and another instruction to the effect that appellant Van Orden-Winans Construction Company was not liable for any damage except that caused from stock which entered the openings in the fence caused by that appellant; and another instruction that appellant Van Troop was only liable for damages done by the stock which entered the field at openings which he had caused. These instructions were even more favorable than appellants were entitled to, for they excluded the idea of joint liability and made the liability of each depend separately upon the fact whether or not the stock entered at the openings caused by him. The instructions given at the instance of appellant did not exclude the idea of a separate liability nor assume that the liability, if it existed at all, was joint, for these instructions merely told the jury that there was liability on the part of each of the appellants whose negligent act caused injury.

There is no conflict in the instructions except that resulting from the too favorable instructions given at the instance of appellants, and they are in no attitude to complain on that account.

The verdict of the jury, under these instructions, necessarily implies a finding of facts which constitute joint liability, and, as before stated, the testimony was sufficient to justify such finding. We are of the opinion that there was no prejudicial error in the instructions given by the court.

It is also contended that the court erred in modifying instruction No. 20, requested by appellant Van Troop. The instruction, as requested, told the jury that Van Troop was not liable for any damage except such as might have been suffered from the depredation of stock which entered through the fence on the ditch. The court modified this instruction by adding the words, "and other gates or gaps left negligently open, if any." The instruction was erroneous without this modification, for the reason that the evidence was sufficient to show that Van Troop's outfit, comprised of 30 teams which he owned himself and numerous other hired teams, used the gate, and that the cattle got through the open gates, It was proper, therefore, to modify this instruction as was done by the court.

Judgment affirmed.