**ERVIN v. TEXAS CO. et al.***

No. 11037.

Circuit Court of Appeals, Eighth Circuit.

July 13, 1938.

*Rehearing denied Aug. 11, 1938.

Tom W. Campbell, of Little Rock, Ark. (Frank Pace and Wallace Davis, both of Little Rock, Ark., on the brief), for appellant.

James D. Head, of Texarkana, Ark., for appellees.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment dismissing plaintiff's cause for lack of prosecution after an order had been made overruling plaintiff's motion to remand the case to the State Court.

The action was commenced by plaintiff Ervin in the State Court of Arkansas to recover damages for personal injuries. The Texas Company and one of its employees, A. B. Fox, were joined as defendants.

The Texas Company filed petition for removal, alleging that it was a citizen and resident of Delaware; that plaintiff was a citizen and resident of Arkansas; that the amount involved was over $3,000; and that the complaint did not allege any joint cause of action against the two defendants; that the said Fox (a citizen and resident of Arkansas) had been fraudulently joined as a defendant to prevent removal of the cause.

The State Court of Arkansas made an order removing the case to the United States District Court.

Plaintiff filed a motion to remand the case, denying fraudulent joinder of defendant Fox, and claiming that a joint cause of action existed against both defendants.

The following allegations were set forth in plaintiff's complaint: on April 28, 1935, while plaintiff was working for the Texas Company as a roustabout on oil well No. 5 on the Saxon Lease in Union County, Arkansas, and while he was assisting in putting sucker rods in said well, and while a section of sucker rods was being elevated, the elevator and sucker rod came loose from the hook to which it was attached and fell, striking plaintiff on the head, and crushing his skull. The rods were 75 feet feet in length. To put them in the well, it is necessary to fasten the end of the rod to an elevator in the oil derrick, and this elevator is then fastened to a hook known as a rod hook. The rod hook is attached to a cable which goes over a pulley and is carried by machinery to the top of the derrick, so that the lower end of the rod can be attached to the section of sucker rod which is in the well. It was plaintiff's duty to fasten the rods to the elevator, to which he attached the hook, and to catch the lower end of the rod when it had cleared the derrick floor, and to assist in fastening the lower end of the elevated rod to the rod that was already in the hole.

The complaint further alleged that about 1:30 in the afternoon of the day when the accident occurred, while a section of sucker rod was being elevated, and when the rod had been lifted about 65 feet in height, the elevator and rod bumped against the side of the derrick, causing the rod hook to become unfastened from the elevator, whereupon the rod and elevator fell upon plaintiff.

The complaint further alleged that the Texas Company, its agents and servants, had carelessly and negligently permitted said hook to become old and worn; that there is a safety latch in said hook that fits into a notch in the hook, and a spring that should hold the safety latch in place; that the latch and notch were both so worn that it gave play to the latch and let it come out of the notch; that the spring being weak also permitted the latch to get out of place; that at the time of the accident, when the hook, elevator and rod bumped against the derrick, the latch was displaced, and the elevator was released.

The complaint further alleged that defendant A. B. Fox was foreman or gang-pusher of a similar crew, working at another well in the vicinity belonging to the Company, and for several days prior to the date of the accident had been using the hook which later caused the accident, and knew that it was defective; that on the day of the accident, Fox brought said hook to the well where plaintiff was working and exchanged it for the hook that the crew at well No. 5 was using; and said Fox failed to warn any of the No. 5 crew of the unsafe condition of the hook he delivered to them.

On the hearing on the motion to remand, evidence was introduced to the effect that one S. I. Hill was in charge of all the crews in the Division where the accident occurred; that the separate crews have no duties owing to the other crews; that it was the duty of said Hill to furnish material and instrumentalities for the various crews, and if any of the equipment needed repair, it was his duty to have the repairs made; that there were three men in each gang and each had a foreman; in the event any tool became defective while in use, it was the foreman's duty to report it to Mr. Hill.

Plaintiff-appellant assigns as error the denial by the trial Judge of the motion to remand the case to the State Court; the assuming jurisdiction of said case; and the dismissing of plaintiff's suit when plaintiff refused to further prosecute it in the Federal Court.

Plaintiff-appellant contends that whether the liability of defendants is joint or several is to be determined by the laws of Arkansas; that the complaint in this case alleges actionable negligence against both defendants and that said negligence concurred in causing plaintiff's injuries; that under said Arkansas laws, the complaint states a joint cause of action.

Plaintiff-appellant further contends that the verified motion to remand denied every allegation of fraud in the petition, and therefore the burden was on the Texas Company to prove said allegations of fraud; and no evidence having been introduced tending to sustain said allegations, the motion to remand should have been granted.

Plaintiff-appellant further contends that doubtful issues of law and fact in a case are to be tried in the Court which has jurisdiction, and are not to be determined in removal proceedings.

The appellees contend that the complaint is predicated solely upon joint negligence of the Company and its servant Fox in his capacity as such servant. Further, that the negligence of Fox, if any, did not concur in causing the injury, but that the proximate cause of the injury was the Company's failure to repair and inspect the hook. Further, that the negligence of Fox, if any, was separate, independent and disconnected with the alleged negligence against the Company. And, finally, that the joinder of Fox as one of the defendants was a fraudulent joinder.

The vital question is whether the case was removable.

A brief examination of the Arkansas cases may not be amiss. In the following cases, the Supreme Court of Arkansas has directly or impliedly upheld joint liability: City Electric Street R. Co. v. Conery, 61 Ark. 381, 33 S.W. 426, 31 L.R.A. 570, 54 Am.St.Rep. 262; Pine Bluff Water & Light Co. v. McCain, 62 Ark. 118, 34 S.W. 549; St. Louis, Iron Mountain & Southern Ry. Co. v. Coolidge, 73 Ark. 112, 83 S.W. 333, 67 L.R.A. 555, 108 Am.St.Rep. 21, 3 Ann. Cas. 582; St. Louis S. W. Ry. Co. v. Mackey, 95 Ark. 297, 129 S.W. 78; Bona v. Thomas Auto Co., 137 Ark. 217, 208 S. W. 306; Van Troop v. Dew, 150 Ark. 560, 234 S.W. 992; Johnson v. Missouri Pac. R. Co., 167 Ark. 660, 269 S.W. 67; Jonesboro, Lake City & Eastern R. Co. v. Wright, 170 Ark. 815, 281 S.W. 374; Chicago, R. I. & Pac. Ry. Co. v. McKamy, 180 Ark. 1095, 25 S.W.2d 5; Missouri Pac. R. Co. v. Riley, 185 Ark. 699, 49 S.W.2d 397.

In the Conery Case, supra, the Court said (page 428): "In this case the cause of the accident was the falling of White's telephone wire, and the contact of the same with the trolley wire of the appellant. The jury found both of them guilty of negligence,—White, in permitting his wire to fall and remain down until appellee was hurt; and the appellant, in allowing the same to become charged with electricity by contact with its wire at the time of the injury. If this be true, the injury was the result of the concurring negligence of the two parties, and would not have occurred in the absence of either. In that case the negligence of the two was the proximate cause of the same, and both parties are liable."

In the Coolidge Case, supra, the Supreme Court of Arkansas said (page 334): "It is evident that the last carrier was equally or more negligent than the initial carrier, but that does not change the rule, and merely renders each or both liable, when the act of either is an efficient and proximate cause of the injury. 'This rule obtains, although it is impossible to determine in what proportion each of the wrongdoers contributed to the injury, although the act alone of the party sued might have caused the entire injury; and although, if his acts had not concurred in producing the wrong, the same damages would have resulted from the act of the other.' "

The Court then says: "It is impossible from this evidence, and likely from any evidence, to ascertain that the injury was caused solely by one of the carriers; and, finding both guilty of an efficient and proximate cause therefor, either or both must be held, unless the party guilty of such negligence can show and does show that its negligence did not produce, in whole or in part, that result which follows naturally and proximately from the negligent act."

In the Wright Case, supra, plaintiff was injured while riding upon a motor car on the railroad track, the motor car being driven by another employee of the Railroad. The injury was caused by a collision between the motor car and an automobile at a public crossing. Judgment was rendered against the Railroad Company, and in affirming it, the Supreme Court of Arkansas said (page 375): "It is also the settled rule of law in this state that, where

the negligent acts of two persons concur to produce an injury, the author of either negligent act is liable to the injured party for the damages sustained."

In the following cases from Arkansas, the question of removability was involved, either directly or indirectly, and was decided in favor of nonremovability. Younger v. Baldwin, 8 Cir., 89 F.2d 222; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579; Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 87 F.2d 418; Harrelson v. Missouri Pac. Transp. Co., 8 Cir., 87 F.2d 176; Huffman v. Baldwin, 8 Cir., 82 F.2d 5.

In the Wells Case, supra, the Court, after quoting from Stiewel v. Borman, 63 Ark. 30, 37 S.W. 404, said (page 582): "A discussion of the fine distinctions between nonfeasance and misfeasance seems unnecessary to the decision of this case. * * * Doubtful issues of law and fact are to be tried in the court having original jurisdiction of the case and are not to be determined in a removal proceeding."

In the Locke Case, supra, it was held that on the charge of fraudulent joinder, the Court was not required to consider more than whether there was a real intention to obtain a joint judgment, and whether there was colorable ground for it shown.

In the Harrelson Case, supra, where three men were helping to load a trunk on a bus, the Court said (page 178): "Plaintiff chose to sue all of the defendants who she says were negligent in the loading of the trunk and whose negligence caused injuries to her husband in a joint action, as she has a right to do in Arkansas," [quoting Section 1076, Crawford & Moses' Digest, 1921, and a number of Arkansas cases].

■ In the Huffman Case, supra, the Court in its opinion said (page 7): "Even though a plaintiff has misconceived his cause of action and has no right to maintain it against the defendants jointly, that does not change an alleged joint cause of action into a separable controversy for the purpose of removal. The law looks to the case made in the pleadings and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

And, further: "Merely to traverse the allegations upon which the liability of resident defendants is based or to apply the epithet 'fraudulent' to the joinder is not enough; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith."

The following cases from the Supreme Court of the United States have a direct bearing upon the questions involved: Hay v. May Department Stores Company, 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965; Chicago, Rock Island & P. Ry. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360; Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Chicago, R. I. & Pac. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473.

In the Schwyhart Case, supra, the Court in its opinion said (page 251): "On the question of removal we have not to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown as the record stood when the removal was denied. We are not to decide whether a flaw could be picked in the declaration on special demurrer."

■ It is thus seen that the question of joint liability and of the bearing thereof on the question of removability have both been quite liberally treated by the Supreme Court of Arkansas. In a situation like this, the holding contained in the case of Erie Railroad Company v. Tompkins, 58 S.Ct. 817, 114 A.L.R. 1487, opinion filed April 25, 1938, must not be disregarded. In that case the Court in its opinion said (page 822): "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law."

■ Pope's Digest of the Statutes of Arkansas, 1937, Sec. 9123, reads as follows: "* * * all corporations of every kind and character * * * who may employ agents, servants or employees, such agents, servants or employees being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, employee or servant, resulting from the careless omission of duty or negligence of such employer, or which may result from the carelessness, omission of duty or negligence of any other agent,

servant or employee of the said employer, in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death was that of the employer."

In view of the foregoing authorities, we have reached the conclusion that the denial by the trial Judge of the motion to remand the case to the State Court was error, and that because of this error, the case must be reversed with instructions to proceed in accordance with the foregoing views.

It is so ordered.